138    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,    Chesapeake & Ohio R. R. Co. vs. Bobbett.    1872

# Charleston.

CHESAPEAKE AND OHIO R. R. Co. vs. LEWIS H. BOBBETT.

January Term, 1872.

Although a bill asking for an injunction contains the averment that the defendant, by cutting a channel through plaintiff's land, when he had granted the defendant the right to construct its railroad through his land, would direct the water of a creek from his mill, and would work to him *irreparable damage*, yet as there is no averment that the defendant is insolvent, or that its officers, agents or servants are transcending their authority, or that any damage which may be done to the property cannot be adequately compensated, in damages, the injunction must be refused.

The case came from Monroe county. Judge Maxwell's opinion contains a statement of the question on which the cause was determined.

——— for the appellant.
——— for the appellee.

MAXWELL, J. This is an appeal from an order made in vacation, granting an injunction to enjoin the appellant and others from cutting a channel through the lands of the plaintiff, to change the current of Wolf Creek, made necessary by the construction of the Chesapeake and Ohio R. R. It appears from the allegations of the bill that the plaintiff is the owner of a tract of about one hundred and eighty acres of land, situated on the Greenbrier river, at the mouth of Wolf creek, in Monroe county; and that he has granted to the defendant, the C. and O. R. R. Co., the right to construct its road through the said land.

The averment in the bill is to the effect that the railroad company is cutting a channel through the land, so as to

divert the waters of the said creek, whereby the damages to the mills and property of the plaintiff will be irreparable, if they are permitted to go on with the work. While there is the averment that the damages to the property of the plaintiff will be irreparable, there is no averment that the railroad company is insolvent, or that the company, its officers, agents or servants are transcending their authority, or that any damage which may be done to the property cannot be adequately compensated in damages. The damages to the property may amount to its total destruction, and yet the owner may be adequately compensated in damages. The plaintiff having granted the right of way over his land for the construction of the railroad, is in the same situation in respect to his rights and remedies, he would be in if the right of way had been condemned by process of law, and compensation paid to him or paid into court for him, unless the grant of the right of way had contained special reservations or conditions. Therefore, upon the charges made in the bill the injunction was improperly granted, in violation of the 20th section of chapter 42, p. 264, of the Code.

The order granting the injunction will have to be reversed, with costs to the appellant, and the bill dismissed.

The other judges concurred.

ORDER REVERSED.