HELON CONE *vs.* THE EAST HADDAM BANK AND ANOTHER.

The petitioner deposited for safe keeping with *B.*, a bank cashier, certain United States bonds and a money order drawn by the selectmen of a town on the town treasurer, which on the death of *B.* came into the possession of the bank, which refused to deliver them to the petitioner on demand. On a bill in equity praying that the bank might be ordered to deliver the bonds and order to the petitioner, and account to him for the interest on the bonds if any had been collected, but not alleging that the bonds or order were wanted as evidence, or possessed any special value to the petitioner over and above their pecuniary value, Held, on general demurrer to the bill, that the petitioner had adequate remedy at law, and that the bill was insufficient.

BILL IN EQUITY, brought to the Superior Court for Middlesex county, and heard, on general demurrer to the bill, before *Phelps, J.*

The bill alleged that in the year 1863 the petitioner deposited with Thomas C. Boardman, of East Haddam, for safe keeping, to be re-delivered to him on demand, two bonds issued by the government of the United States, known as 5-20 coupon bonds, one bond of the denomination and value of one thousand dollars, and the other bond of the denomination and value of five hundred dollars ; also an order drawn by the selectmen of the town of East Haddam upon the treasurer

of the town, for the sum. of two hundred and fifty dollars, dated the 20th day of February, 1865, and payable to the petitioner; that the bonds and order were placed in an envelope by themselves, marked with the name of the petitioner on the envelope, and were kept by Boardman in the safe or vault of the East Haddam Bank, of which he was then and continued to be the cashier, until his death on the 18th of September, 1865; that at his death the East Haddam Bank took possession of the bonds and order, and that the petitioner, on the 25th of October, 1869, made demand of the bank, and Daniel B. Warner, its president, for the delivery to him of the bonds and order, but they refused to deliver them.

The petitioner therefore prayed the court to order and decree that the East Haddam Bank, or Warner, as its president, should deliver up to the petitioner the bonds and order, and to order an account, and if the interest coupons of the bonds had been detached and collected by the bank, or by Warner, as president, that the Bank should pay to the petitioner the amount so collected on the coupons, with interest.

The Superior Court sustained the demurrer and dismissed the bill, and the petitioner filed a motion in error.

*S. Clark* and *Chadwick*, for the plaintiff in error.

*Culver*, for the defendants in error.

CARPENTER, J. The only question in this case is, whether the petitioner, upon the facts stated in the bill, has adequate remedy at law. If he has, it is conceded that the bill is insufficient.

The averments in the bill show that the bonds and order therein described are held by the bank as bailee merely. They were simply deposited with Boardman for safe keeping, to be re-delivered to the petitioner on demand. They retained essentially the same character after they came into the possession of the bank, as they had while in the possession of Boardman. There is no averment that any one of the articles claimed is wanted as evidence, or that they, or any one of

them, possess any special value to the petitioner over and above their actual pecuniary value. The case therefore does not fall within that class of cases where courts of equity will decree deeds, bonds, wills, and other writings of a valuable nature, to be delivered up whenever they are necessary to evidence any title, claim or debt, &c. The market value being their only value to the petitioner, he is fully compensated when he recovers that; and that he may recover in an action at law.

There can be no serious difficulty in ascertaining their value at the time of the demand, especially if the coupons have not been detached and sold. If they have, and the respondents received the money, the amount may be recovered in an action of assumpsit. If it be objected that two actions, one in trover and one in assumpsit, may be necessary in that event, the reply is two-fold; first, the bill does not show that two actions will be required, as there is no averment that the coupons have been collected; and second, the fact that a party has two causes of action against another at law, does not of itself authorize him to combine the two, and proceed against the other in chancery, even where both causes of action arise from the same transaction.

In any aspect of the case, as stated, we are unable to see why the petitioner's remedy is not full and adequate at law. If so, by our statute and by our practice, a court of equity has no jurisdiction.

The judgment of the Superior Court must be affirmed.

In this opinion the other judges concurred.