Charleston.

SURBER'S ADM'R *v.* McCLINTIC *et al.*

(Absent, HAYMOND, JUDGE.)

Decided May 1, 1877.

1877. January Term.

S. files a bill in chancery, alleging, that to induce M. & T. to become his sureties in an injunction bond, he assigned them certain personal property, including a deed to him for two thousand acres of land, to be held by them until they were relieved from their liability as his sureties, when the property should revert to him; that they were released as such sureties, and charged that M. had converted the brandy, which was a part of the property, to his own use; had collected the money on the bonds assigned, and had refused to deliver up the deed; did not pray a discovery, but prayed that T. should be required to pay to him the value of the brandy and the money collected, and deliver up the deed. HELD:

1. That the demurrer to the bill ought to have been allowed, as the bill did not present a case for equity jurisdiction, the plaintiff's remedy at law being complete.

2. It not appearing that there was any special value to the deed, the fact that it was retained did not give a court of equity jurisdiction.

3. That the assignment was a pledge, and not a mortgage; and as the object of the bill was not to redeem the pledged goods, the remedy at law was adequate and complete.

4. As the whole record shows that the plaintiff could not so amend his bill as to give a court of equity jurisdiction of the case, the bill should be dismissed.

Levi Surber filed his bill in the circuit court of Greenbrier county, against H. D. McClintic and Oliver

Thompson. An attachment was sued out and levied upon the property of the defendant, McClintic. The bill was taken for confessed as to the defendant Thompson. McClintic appeared in the cause, demurred to the bill, and filed his answer thereto.

The cause was referred to a commissioner, who returned a report, which was excepted to by defendant, McClintic. On the 21st June, 1873, the court overruled the demurrer to the bill, and confirmed so much of the commissioner's report as allowed the plaintiff $151.90, and decreed that amount with interest and cost against the defendant, McClintic, who thereupon moved the court to quash the attachment issued in the cause, which motion the court overruled, he then filed a plea in abatement to the attachment. The plaintiff having died in the meantime, the cause was on 17th November, 1874, revived in the name of his administrator, and thereupon the court held that said plea to the attachment was immaterial, and proceeded to confirm the said decree of 21st June, 1873.

Upon the petition of the defendant, McClintic, an appeal was granted.

Hon. Homer A. Holt, judge of the eighth judicial circuit, presided at the hearing of this cause in the court below.

Johnson, Judge, who delivered the opinion of the court, furnishes the following statement of the case.

This is an appeal from a decree of the circuit court of Greenbrier county. The bill was filed by Levi Surber, and pending the suit he died, and the cause was revived in the name of his administrator.

The bill filed in the cause is as follows:

" Humbly complaining, showeth unto your Honor, your orator, Levi Surber, that on the —— day of ——, he, your orator, procured Dr. Hezekiah McClintic and Oliver Thompson to go his security in an injunction

1877.
January Term.

Surber's adm'r.
v.
McClintic et al.

bond in the suit in chancery in the Greenbrier circuit court, wherein your orator was plaintiff, and James J. Reid and others were defendants; that in order to induce the said parties to go said security, and to indemnify them in said suretyship, he delivered to said Dr. Hezekiah McClintic, for himself and said Thompson, one hundred and twenty-six gallons of French brandy, worth $5.00 per gallon, one bond on Thomas B. Knight for $80, one bond on Thomas B. Renick for $35, and one deed for two thousand acres of land on Williams river, Pocahontas county; that said delivery was made and the property went into the hands of the said McClintic on the 25th day of November, 1859, as will more fully appear by deed of mortgage, made by your orator to said McClintic and Thompson, on that day, and of record in the recorder's office of Greenbrier county, a copy whereof is herewith filed, marked 'A,' and made part hereof.

" Now, your orator charges that at the November term, 1868, of the Greenbrier circuit court, the said cause of your orator against Reid and others was ' dismissed agreed,' whereby the said McClintic and Thompson were wholly released from all liability by reason of having signed said injunction bond and gone your orator's security. A copy of the order dismissing said suit is herewith filed, marked ' B,' and made part hereof, the entire record, bond and all, having been lost.

" Now, your orator charges that since the decision of said suit, your orator demanded said French brandy, the two said bonds and the said deed of the said McClintic, and he utterly refused to deliver the same, or any part thereof, or either of them, to your orator, and would give no account thereof to your orator. Your orator charges that said McClintic has used, drunk and consumed and disposed of the whole of said French brandy; that he has collected the money due on the said two bonds, and that he still holds the deed aforesaid.

" Your orator prays that the said McClintic may be

1877.
January Term.

Surber's adm'r
v.
McClintic et al.

compelled to account and pay for the said brandy at the rate of $5.00 per gallon ; and may be compelled to pay the money by him collected from Knight and from Renick ; and may be compelled to deliver to your orator the said deed; and he prays for all such other and proper relief as to equity belongs and the facts of his case will warrant. He makes Dr. Hezekiah McClintic and Oliver Thompson defendants to this bill ; and he prays that the state's writ of subpœna may issue, &c."

The following is Exhibit A, referred to in the bill :

"LEWISBURG, November 25, 1859.

"I have to-day procured Dr. Hez. D. McClintic and Oliver Thompson to go my security on an injunction bond in the Greenbrier circuit —— clerk's office, in the case of myself against James J. Reid and others, and I am desirous to indemnify said McClintic and said Oliver Thompson in said suretyship. Now, therefore, in consideration of the premises and of an agreement made by me to that effect before the signing of said bond by Mc-Clintic and Thompson, I do hereby assign to said Mc-Clintic and Thompson two hundred — fifty dollars of the judgment in the Bath circuit court, wherein I am plaintiff, and John J. Johnston's administrator is defendant, and I hereby assign and transfer and deliver the possession of one hundred and fifty gallons of French brandy, now at the depot at Jacksons river, and I assign and transfer and sell unto said McClintic and Thompson three cows and calves, being the same three cows and three calves mentioned in the bill, in on which the injunction is granted, and one horse in said bill mentioned, and a mare and colt, being now in the possession of Dr. Smith, and one yoke of oxen in possession of Dolin, and seventy-five bushels of corn, all which property the said McClintic and Thompson are to hold until they are released from all liability by virtue of said bond which

they have signed for me, and when they are released then said property reverts to me.

"Witness my hand and seal,

"LEVI SURBER. [Seal.]

"Attest:

"J. W. DAVIS."

The defendant, McClintic, demurred to this bill for want of equity, and the demurrer was overruled.

He also answered, and the cause was referred to two commissioners during its pendency, and a decree was rendered against H. D. McClintic on the 21st day of June, 1873, for the sum of $151.90, with interest and costs of suit, that amount being found due by one of the commissioners.

Thompson did not appear in the suit, and is not mentioned in the decree.

*A. C. Snyder,* for appellant.

A bill in equity will not lie to recover money held in trust; if it can be reached by an action for money had and received. *Cooper v. Rogers,* 58 Me., 339. "Courts of equity decline jurisdiction in matters of account, first, where the demands are all on one side, and no discovery is claimed or necessary ; second, where on one side there are demands, and on the other mere payments or setoffs, and no discovery is sought or required." *Lafever v. Billmyer,* 5 W. Va., 33; 1 Story's Eq., §459; *Knotts v. Tarver,* 8 Ala., 743 ; *Norwich R. R. Co. v. Story,* 17 Conn., 364; and *Meze v. Mayse,* 6 Rand., 658.

In *Hall v. Joiner,* 1 S. C., Rep., 186, it was held that a bill in equity for the delivery of a specific chattel can be maintained only when the value of such chattel to the owner cannot be ascertained by reference to the market value thereof, *e. g.* when such chattel is an original work of art, &c. And in the case of *Cone v. East Haddam Bank,* 39 Conn., 86, where A deposited with B, the cashier of a bank, certain bonds for safe keeping, and B,

having died, the bank refused to return the bonds. On bill filed by A, praying for an account of interest on said bonds, and a return thereof to him, but not alleging that they were wanted as evidence, or possessed any special value to the plaintiff above their pecuniary value. HELD, on general demurrer, that the plaintiff had an adequate remedy at law, and that the bill was insufficient.

In the case of *Poage v. Wilson*, 2 Leigh, 490, the court dismissed the bill *on final hearing and without demurrer*, upon the ground that the "plaintiff had a plain remedy at law, which there was nothing to obstruct or embarrass." See also,. *Hudson v. Kline*, 9 Gratt., 379; *Hale et al. v. Clarkson et al.*, 23 Gratt., 42; *Goolsby, &c. v. St. John*, 25 Gratt., 146.

*J. W. Davis*, and *Mathews & Mathews*, for appellee, relied upon the following authorities:

1 Mad., ch. 412, 413, 414; 2 Tuck. Com. 438, ch. 21 *Spencer & White v. Wilson*, 4 Munf. 130; *Vanmeter's ex'ors v. Vanmeters*, 3 Gratt., 148; 2 Tuck., 397, ch. 20, p. 431, 435, 437; *Campbell v. Lynch et al.*, 6 W. Va., 19; 2 Story's Eq. Jr., 240 §979; *Lyons v. Miller*, 6 Gratt., 427; *Spottswood v. Higginbotham*, 6 Munf., 313; 13 Ves., 279; 2 Tuck., 409; 2 Rand., 451; *Baird v. Bland et al.*, 3 Munf., 570; 1 Mad., ch. 69; Br. Leg. Max. 36; 2 St. Eq. Jr. 281, §10, 14, n. 3; 2 Tuck., Book 3, ch. 6; *Rittenhouse v. Harmon*, 7 W. Va., 380; *Detwiler v. Green*, 1 W. Va., 115; 2 Call, 49, 63, 67; 1 Munf., 285; Drake on Att., 406; *Moore v. Rawkins*, Code W. Va., p. 557, sec. 10; 1 Smith L. C., 151; Br. Leg. Max 425; 2 Rob. old Pr.; 1; 6 W. Va., 177; 2 Metc., 445.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first question presented is, should the demurrer have been allowed? Taking everything stated in the bill to be true, does it present a case for the interposition of a court of equity? A singular fact appears by a com-

parison of the allegations of the bill with the so-called mortgage, referred to as exhibit "A," and that is, that not one of the articles of personal property described in the bill is mentioned in said exhibit "A" except the French brandy, which is described in the bill as "one hundred and twenty-six gallons," and in the exhibit as "one hundred and fifty gallons."

Every averment necessary to entitle a plaintiff to be entertained in a court of equity must be contained in the bill. *Vanbibber v. Beirne, et al.,* 6 W. Va., 168. Nothing must be left to inference, but there must be sufficient positive allegations in the bill, to show that equity has jurisdiction of the matters therein set forth. The language of exhibit "A" is that, "I do hereby assign to McClintic and Thompson, $250 of the judgment," &c. discribing the property, then follows, "all which property the said McClintic and Thompson, are to hold until they are released from all liability by virtue of said bond which they have signed for me, and when they are released, then said property reverts to me."

Potheir defines a pawn, or pledge, to be a contract by which a debtor gives to his creditor, a thing to be detained as security for his debt, which the creditor is bound to return when the debt is paid. Judge Story, says the definitions of pawns and pledges as given by some of the writers, are limited in terms to cases where a thing is given as a mere security for a debt; but a pawn may well be given as security for any other engagement. The definition of Domat, is therefore, more accurate because it is more comprehensive; namely, that it is the appropriation of the thing given, for the security of an engagement. Story on Bailments sec. 286. In section 287, of the same work, Judge Story says that, "A mortgage is in the common law distinguishable from a mere pawn. By a grant, or conveyance of goods in gage or mortgage, the whole legal title passes conditionally to the mortgager; and if the goods are not redeemed at the time stipulated, the title becomes absolute at law, although equity will interfere to compel a redemption."

In the case of *Jones v. Smith*, 2 Ves., 372, a transfer of £2,000 Scotch mine stock, by one party, as security for a debt, and the creditor signed a memorandum to transfer it back on payment of the debt, was held to be pledge and not a mortgage.

The master of the rolls said : " This is not a mortgage but a pledge. A mortgage is a pledge and more, for it is an absolute pledge, to become an absolute interest if not redeemed at a certain time ; a pledge is a deposit of personal effects, not to be taken back but on payment of a certain sum, by express stipulation, or in the course of trade to be a lien on them."

In *Hasbrouck v. Vandervoort*, 4 Sandf., 74, where a party had borrowed money, the delivery of a certificate of a share of stock as collateral security for the payment of the money borrowed with a power of attorney to transfer it so as to vest the title, for the purpose of security and no other, was held to be a pledge.

The property in this case was assigned to the parties to hold until their liability on the bond was released, and then it was to be returned to the assignor. We think it was a pledge and not a mortgage. There was no time specified in the writing when the title to the property should become absolute in McClintic and Thompson, but there was a time specified when the pledge should cease, to-wit, when they were released from all liability on the bond. Judge Story says, (2 Sto. Eq., §1032) : " Generally speaking, a bill in equity to redeem will not lie on behalf of the pledgor or his representatives, as his remedy upon a tender is at law. But if any special ground is shown, as if an account or a discovery is wanted, or there has been an assignment of the pledge, a bill will lie." No doubt if the specific goods pledged have been assigned by the party, and he wants to redeem them, that is the goods, themselves, a bill would lie ; also if the plaintiff required a discovery, from the defendant, to ascertain what he had done with the goods, or any of them. In the case of *Hasbrouck v.*

*Vandervoort*, above cited ; the bill was filed to redeem stock in a manufacturing company, and for an account of the profits of the stock. Judge Campbell in his opinion, says : "It is said that a mortgage passes the title to the mortgagee, subject to be defeated on payment of the mortgage debt. And it is admitted, that in case of forfeiture by non-payment on the day, the mortgagee may come into a court of equity for the purpose of redeeming. But it is insisted that in case of a pledge, though the possession passes to the pledgee, the title remains in the pledgor, and in case of non-payment, the pledgor must bring his action at law for the redemption of the article pledged, or rather for its return, or for compensation in damages. Admitting the transaction in this case, according to the ruling in *Wilson v. Little*, 2 Comstock, 443, was a pledge, and not a mortgage of the stock, yet though termed a pledge, the legal title passed, and the same reason might exist therefor, for coming into equity to redeem. In that case, and in that of *Allen v. Dykers*, 3 Hill, 593, which were both actions at law, the plaintiff did not seek a return of the stock, but compensation in damages. Here the plaintiff asks for a retransfer of the stock. In *Kemp v. Westbrook*, 1 Ves. Sr., Lord Hardwicke says : "I will not say in general, that there is a right to come into equity in every case to redeem pledged goods, yet there are cases where it may. As the possessor of stock is not bound to bring a bill of foreclosure of the equity of redemption of the stock, but may sell it, and notwithstanding the mortgagor may bring a bill here for an account of what is due, and to have a transfer to him." It would seem that in case of pledging stock, where the legal title passes, the remedy would be the same as upon mortgages. Indeed the distinction seems to be only in name in this respect, though it may be considered as real as was the case in *Wilson v. Little*, where the action was for the recovery of damages and not for a retransfer. Here an account is wanted, and the bill avers that the loan was

made by the firm which was composed of the defendants; that the certificate of stock was first given to the defendant, Hayward, for the security of the firm; that the firm was subsequently dissolved, and Hayward transferred the certificate to the other defendant Vandervoort, who has continued to receive the dividends. It appears to us to be, therefore, a proper case for a bill in equity, and we think the plaintiff selected the right form for the determination of the controversy."

The demurrer in that case was overruled, and we think properly, and if the bill in this case had made as strong an appeal to equity jurisdiction, as the one in that case did, it would be entertained. This is a case similar to *Wilson v. Little,* 2 Comstock, 443, and is a suit to recover damages for the goods which the bill alleges the defendant, McClintic, has converted to his own use. We think that case was properly brought at law, which could give full and complete relief, and that this case is in the wrong court, unless he is entitled to come in for an account.

It is insisted by appellee's counsel, that he is entitled to have his deed delivered to him—that the bill prays for this. There is no allegation in the bill that the deed has any specific value; it is not claimed that it is needed as a muniment of title to be used for evidence. The bill shows that he "delivered to McClintic a deed for two thousand acres on Williams river, in Pocahontas county." It does not say he executed the deed, and does not pray for a re-conveyance of the land, but that he be compelled "to deliver to your orator the said deed." A copy from the record of a deed in our state answers all the purposes of evidence, as the original. If there was any special value to the deed, or that it was wanted as evidence, and it was so alleged, it might entitle the plaintiff to relief. In *Cone v. The East Haddam Bank et al.,* 39 Conn., 86, the Judge says: "The averments in the bill show that the bonds and order therein described are held by the bank as bailee merely; they were

simply deposited with Boardman for safe-keeping, to be re-delivered to the petitioner on demand. They retained essentially the same character after they came into the possession of the bank, as they had while in the possession of Boardman. There is no averment that any one of the articles claimed is wanted as evidence, or that they, or any one of them, possess any special value to the petitioner over and above their actual pecuniary value. The case, therefore, does not fall within that class of cases where courts of equity will decree deeds, bonds, wills, and other writings of a valuable nature, to be delivered up, whenever they are necessary to evidence any title, claim or debt, &c. The market value, being their only value to the petitioner, he is fully compensated when he receives that; and that he may recover in an action at law." It is insisted for the appellee that in this case equity has jurisdiction, because he could not have an adequate remedy in one suit at law. We do not think this alone is sufficient to give chancery jurisdiction of the case.

In the case of *Cone v. East Haddam Bank*, the Judge said, "If it be objected that two actions, one in trover and one in assumpsit, may be necessary, in that event the reply is two-fold ; first, the bill does not show that two actions will be required, as there is no averment that the coupons have been collected; and, second, the fact that a party has two causes of action against another at law, does not of itself authorize him to combine the two, and proceed against the other in chancery, even where both causes of action arise out of the same transaction. In any aspect of the case as stated, we are unable to see why the petitioner's remedy is not full and adequate at law." The demurrer to the bill was sustained.

In cannot be doubted in this case that an action for money had and received could have been maintained for the moneys collected by McClintic, if any were so collected, and an action of trover for the conversion of the brandy to his own use. There is nothing stated in the

bill, as before stated, to show that the deed had any special value. This is not a bill in equity to be permitted to redeem pledged goods. It is charged in the bill that "said McClintic has used, drunk and consumed and disposed of the whole of said French brandy, and he has collected the money due on the said two bonds, and that he still holds the deed aforesaid," and prays that said "McClintic may be compelled to account for the said brandy at $5.00 per gallon, and may be compelled to pay the money by him collected from Knight and from Renick, and may be compelled to deliver to your orator said deed," and for general relief. A bill even without a demurrer will be dismissed at the hearing, if it shows no ground for equitable relief. *Hudson v. Kline,* 9 Gratt., 379 ; *Hale v. Clarkson,* 23 Gratt., 42 ; *Goolsby v. St. John,* 25 Gratt., 146 ; *Lewis v. Cocks,* 23 Wall., 466 ; *Morehead et al. v. De Ford et al.,* 6 W. Va., 316.

Then this bill shows no ground for equitable relief, unless it can be seen that it is a case proper for an account. Even if the bill had alleged that the plaintiff could not substantiate the items in his account except by the answer and testimony of the defendant, McClintic, himself, and in the progress of the suit it appeared by his own showing that the account was susceptible of proof by another witness in a court of law ; his bill would have been dismissed at the hearing if that had been his only ground for going into a court of equity. *Meze v. Mayse,* 6 Rand., 658. Judge Green in that case said : "The plaintiff did not admit in his bill that the defendant had any setoff against his claims and excepted to every setoff allowed by the commissioners, so that there never was a case more clearly proper for a court of law and improper for a court of equity than this. A claim on the part of the plaintiff for two sums of money, paid by him for the defendant, both capable of proof in a court of law, and no setoff which could make the account at all complicated. So far as this was a bill for an accoun it should have been dismissed for want of jurisdiction

on the plaintiffs own showing." To the same effect is *Norwich R. R. Co. v. Story*, 17 Conn., 364; *Knotts v. Farrer*, 8 Ala., 743, and *Lafever v. Billmyer*, 5 W. Va., 33.

In the last case cited, the court decided that, " courts of equity decline jurisdiction in matters of account, first, where the demands are all on one side, and no discovery is claimed or necessary; second, when on one side there are demands, and on the other mere payments or setoffs, and no discovery is sought or required. In this case the demand is all on one side, and no discovery is claimed or necessary. There is no discovery sought in the bill; it was not pretended that the plaintiff could not prove his case in a court of law, without an appeal to the conscience of the defendant, McClintic. It is admitted that if the plaintiff had shown by his bill that he had not a plain, adequate and complete remedy at law, equity would interfere and grant him relief. But he shows no reason why he may not have complete justice in a court of law; he is not asking to redeem the pledged goods; he does not pretend that he wants any discovery to enable him to find out what became of the goods; but, on the contrary, charges that the defendant, McClintic, collected the money on the bonds and converted the brandy to his own use. We can see nothing in the bill to show jurisdiction in a court of equity; but, on the contrary, the bill shows that the plaintiff had a plain, adequate and complete remedy at law. It is unnecessary to review the other facts in the case.

For these reasons we are of opinion that the demurrer should have been sustained. The decree of the circuit court of Greenbrier county, overruling said demurrer, and all the decrees in said cause, are reversed, with costs to the appellant, against the administrator of Levi Surber, deceased, to be paid out of the assets of his intestate in his hands, and this Court, proceeding to render such a decree as the circuit court of Greenbrier should have rendered: It is adjudged, ordered and decreed, that

the demurrer to complainant's bill be allowed; and it appearing from the depositions, and the whole record of the case, that the plaintiff could not so amend his bill as to give a court of equity jurisdiction of the case, it is further adjudged, ordered and decreed, that the plaintiff's bill be dismissed, and that the defendant, McClintic, recover of the administrator of Levi Surber, deceased, his costs about his defense expended, to be paid out of assets of his intestate in his hands to be administered.

1877.<br>January Term.<br>Surber's adm'r<br>v.<br>McClintic et al.

DECREES REVERSED and bill dismissed.