# CHARLESTON.

## Hoke *v.* Davis.

*(SNYDER, P., absent.)

Submitted January 11, 1890.—Decided January 31, 1890.

1. BILL IN CHANCERY---TRUSTS AND TRUSTEES---PRINCIPAL AND SURETY---DEMURRER.

   A bill in equity which seeks no discovery, but merely alleges that a party who has acted as trustee for plaintiff has executed his trust, and the only complaint is that said trustee has with plaintiff's consent delivered money which he has collected to a third party to indemnify him as plaintiff's surety, which third party retains the money after he has been relieved from his liability as surety, and refuses to account for or pay over the same, does not present such a case as will entitle the plaintiff to be heard in a court of equity, and such bill will be dismissed upon demurrer.

2. BILL IN CHANCERY---DEMURRER.

   Where a bill in equity seeks nothing further than the enforcement of a legal demand, a demurrer to the bill will be sustained.

*Counsel below.

*J. M. McWhorter* for appellant.

*A. F. Mathews* and *O. Johnson* for appellees.

ENGLISH, JUDGE:

At the July rules held for the Circuit Court of Greenbrier county, Christopher Hoke filed his bill in equity against James W. Davis and Lewis Davis in which he alleged, in substance, that in pursuance of a decree of the Circuit Court aforesaid a tract of land belonging to him, containing 119 acres, was sold by the special commissioner therein appointed, and was purchased by said Lewis S. Davis for $1,260.00 which sale was confirmed by a subsequent decree of said court; that the land sold as aforesaid was very valuable—worth nearly four times the price for which it sold; that it was understood before and at the sale between the plaintiff and the defendants that said Lewis Davis was to bid in said land for the plaintiff, who was then trying to sell the land, and who did, not more than three or four weeks thereafter, sell said land to one William McMan for the sum of $4,500.00; that other parties were present at said sale, and would have bid upon said land, but when they learned that it was to be bid in for the plaintiff, and the object was that it should bring enough to pay the debt, interest, and costs of suit and sale, although they had bid a time or two, they ceased bidding, and it was knocked down to said Lewis Davis at the price of $1,260.00 as aforesaid; that said Lewis Davis paid nothing, unless, perhaps, he may have advanced the money for the costs and expenses of sale, but the purchase-money was really paid out of the purchase-money of the sale made by plaintiff to William McMan; that the bonds for the deferred payments were made in the name of said Lewis S. Davis, the sale under the decree had been made and confirmed to him, and the entire transaction, including the one with McMan, was made in his name; that plaintiff had previously been appointed and qualified as one of the executors of his father's estate, and said J. W. Davis was one of his sureties in his executorial bond, and suit was then pending for the settlement of said estate; that said J. W. Davis and Lewis S. Davis collected the purchase-money from said McMan,

paid off the debt for which said land was sold under said decree, and about $600.00 in addition; that said J. W. Davis told plaintiff that, as he was security for him on his executorial bond, he would retain the money as indemnity against any liability which might accrue against him by reason of such suretyship, until he should be relieved from said liability, and as plaintiff's attorney he collected various sums which he claimed to retain for the same purpose; that said defendants have never claimed the proceeds of the land sold to McMan, and said J. W. Davis has paid him various sums since he received said money, for which plaintiff has receipted to him; that, although he has demanded a settlement from defendants, he can get none; that the estate of his father has been fully settled and administered, and there is now no liability resting in the defendant J. W. Davis, by reason of his being surety on said executorial bond, and that he should be required to settle.

The plaintiff also filed an amended bill, in which he states that no deed appears to have been recorded in the clerk's office of the County Court of Greenbrier county from the commissioner who was directed to make the deed to Lewis S. Davis for said 119 acres, but that a *lis pendens* appears to be recorded there, giving notice of a suit the object of which was to rescind the contract of sale of said land to McMan, (this, however, must have been amicably arranged in some manner as plaintiff further states that said McMan paid the purchase-money to Lewis S. Davis, and plaintiff joined in a deed with said McMan to a party to whom he sold the same); that all liability on the part of said J. W. Davis as his surety having ceased, it would be a great fraud upon his rights were they, or the one having the money, not required to pay over the purchase-money due plaintiff.

None of these allegations are denied by the defendants or either of them. On the contrary, by filing their demurrer, they admit all that has been well pleaded in the bill. Not only so, but the plaintiff shows by his bill and amended bill that Lewis S. Davis has violated no confidence reposed in him, as he not only allowed the plaintiff to sell said tract of land to McMan, but he seems to have allowed plaintiff to join in a conveyance with McMan and wife to McMan's vendee.

The money arising from the sale to McMan appears to have gone into the hands of J. W. Davis, to indemnify him as surety in the executor's bond, and the trust imposed upon said Lewis S. Davis has been fully executed, as said money and other money belonging to plaintiff went into the hands of said J. W. Davis, so far as appears, without objection on the part of plaintiff; as he seems to base his claim for a settlement and payment of the balance in the hands of said J. W. Davis upon the alleged fact that the estate of his father, Christopher Hoke, has been fully administered and settled up, and there is now no liability resting on said defendant J. W. Davis. According to the allegation of the bill neither of said defendants has ever claimed the proceeds of the land sold to McMan, but the plaintiff complains that he can not get a settlement.

Was it necessary, to obtain a settlement with the defendant J. W. Davis, that he should come into a court of equity? The entire complaint in the bill is that said defendant has received and retains money belonging to the plaintiff. The bill seeks no discovery, but its plainly avowed object is the collection of the money from said J. W. Davis. This end surely could have been attained by an action of *assumpsit*.

In the case of *Surber's Adm'r* v. *McClintic*, 10 W. Va. 236, and others relied on by the appellees in their brief, a very similar case is presented. In that case certain bonds and other property were assigned to indemnify a party as surety, and after he was relieved from liability as such surety he refused to settle or pay over the money he had collected upon the collaterals, and a chancery suit was brought to require them to settle and pay over the money collected, and upon demurrer it was held that the bill did not present a case for equity jurisdiction, the plaintiff's remedy at law being complete.

In Story, Eq. Pl. § 473, the author says: "In general, courts of equity will not assume jurisdiction where the powers of the ordinary courts are sufficient for the purposes of justice. And therefore it may be stated, as a general rule subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate, a de-

murrer, which is in truth a demurrer to the jurisdiction of the court, will hold." See, also, *Childress* v. *Morris,* 23 Gratt. 802; also, *Laferer* v. *Billmyer,* 5 W. Va. 33.

I can see nothing in the facts of the case under consideration which would prevent the plaintiff from having a plain, complete, direct and adequate remedy in a court of law; and the decree complained of must be affirmed with costs to the appellants.

AFFIRMED.