# CHARLESTOWN.

## SHEPHERD v. GROFF.

Submitted September 4, 1890—Decided September 12, 1890.

1. INJUNCTION—EQUITY.

As a general rule equity has no jurisdiction to prevent by injunction the violation of a merely personal contract, unless such contract be of that class or character capable of being enforced by specific performance.

2. INJUNCTION—EQUITY.

The test of the exercise of such jurisdiction in equity in any case is the inadequacy of remedy in a court of law.

3. INJUNCTION.

An injunction will not be allowed where there is a plain adequate remedy at law.

*Beckwith & Green* for appellants, cited :
7 W. Va. 152; 13 W. Va. 476; 15 W. Va. 44; 1 Pom. Eq. Jur. § 459; 10 W. Va. 248; 24 W. Va. 698; 6 W. Va. 101.

*A. W. McDonald* for appellants cited :
24 W. Va. 698; 10 Am. & Eng. Ency. 880; Id. 876; 20 W. Va. 175; 23 W. Va. 454; 2 Story Eq. § 925; 13 W. Va. 476; 1 Bar. Ch'y. 429; High on Inj. § 755.

*G. M. Beltzoover* for appellee cited, Chitt. Cont. 355 note T.

*G. Baylor* for appellee cited, 8 W. Va. 462; 4 Sandf. Ch'y. 628.

BRANNON, JUDGE:

In June, 1889, Groff & Zimmerman made a contract with Henry Shepherd, by which Groff & Zimmerman were to construct on a county road in Jefferson county a macadam-road for a consideration to be paid by Shepherd. The work was to be done by December 1, 1889. The contract reserved the right to Shepherd to cancel it and discontinue all work under it, if at any time for any reason it failed to

give him satisfaction.    Work was begun, but only a part of it was done by the 1st of December, and on the 2d of December Shepherd gave Groff & Zimmerman a written notice reciting that the time for the construction of the road-way having expired, and they having failed to do the work, further work must be upon such terms as he should approve.   On January 15th he gave them a notice reciting such failure to complete the work and their failure to give satisfaction in doing the work and complying with the contract, and formally notifying them to discontinue the work.    Afterwards he presented his bill to the judge of the Circuit Court alleging their failure to complete the work and a violation of the contract in the manner of doing the work and stating, that notwithstanding he had elected to cancel the contract, and discontinue the work and had notified them of such election, said Groff & Zimmerman were still proceeding with the work, and rendering the highway in bad condition in winter, and praying an injunction to restrain them from prosecuting the work. The injunction was granted.    A motion was made by the defendants, after they had filed their answer, to dissolve the injunction, which was overruled, and the cause was referred to a commissioner to ascertain what was due from Shepherd for the work which had been done.    Groff & Zimmerman appeal to this Court.

The single question, on which we shall pass in this cause, is that presented by the demurrer to the bill and the motion to dissolve the injunction, and that is :   Is there jurisdiction in equity for the plaintiff's bill?   We do not indicate any opinion as to the rights of the parties in a court of law under the contract involved in the cause, and we do not refer to the facts further than as they concern the decision of the said question of jurisdiction.   We are of opinion that equity can not entertain the plaintiff's bill, and that his rights, whatever they may be, are cognizable in a court of law.    This is simply a case of a personal contract by one party to construct for another upon a public county road a macadam-way, where, because of failure to do the work within the time specified, and for violation of the contract, the other party claims the right to end and

close the work under the contract before its completion by virtue of a provision of the contract authorizing him to terminate it and discontinue the work, if for any reason it should fail to satisfy him. Can equity enjoin the farther prosecution of the work after one of the contracting parties has declared his intent and will to terminate the work?

It is laid down by High Inj. § 1109, that the contract, concerning which the injunction is sought, must be of such a nature as to be susceptible of enforcement by decree, and, where the bill itself fails to show such a contract, the injunction will not be allowed. Nor is it sufficient that the legal right under the contract and its violation are clearly made out, since, if the agreement is of such a nature that a court of equity can not enforce specific performance of its terms, or if the injury is one for which ample redress can be had at law, equity will not interfere. See also High Inj. § 732. The rule is stated in 3 Pom. Eq. Jur. § 1341, that "an injunction restraining the breach of a contract is a negative specific enforcement of the contract. The jurisdiction to grant such an injunction is substantially a coincident with its jurisdiction to compel a specific performance. Both are governed by the same doctrines and rules, and it may be stated as a general proposition that, wherever the contract is one of a class which will be specifically enforced, a court of equity will restrain its breach by injunction, if this is the only practical mode of enforcement which its terms admit."

Tested by this principle, the injunction can not be sustained. I think that we may safely say that a court of equity would not specifically execute the contract by compelling Groff & Zimmerman to construct the way pursuant to the contract, because, as shown by the many cases cited in note 2, § 1402, 3 Pom. Eq. Jur., the American courts will not as a general rule decree performance of contracts for building and construction and personal service. The case of *Port Clinton R. Co.* v. *Cleveland & T. R. Co.*, 13 Ohio St. 544, contains in the opinion an exhaustive discussion of this subject. See, also, *Marble Co.* v. *Ripley*, 10 Wall. 339.

As, therefore, equity does not interfere in cases of merely personal covenants unless of a kind admitting of specific performance, and as the plaintiff is asking the converse of

such relief or the enforcement of the clause giving Shepherd the right to cancel the contract, namely, that Groff & Zimmerman be restrained from going further in the work, it would seem plain that this rule would overthrow the jurisdiction in this instance. In a note to section 1341, 3 Pom. Eq. Jur., it is stated that the tendency of the American courts is to narrow equity jurisdiction in case of contracts; that English courts enjoin the violation of some contracts though they can not be specifically enforced, but the American courts with but few exceptions refuse to adopt this doctrine.

But there is another, and perhaps a stronger, reason for denying equity jurisdiction, and that is that a complete and adequate remedy is afforded in a court of common-law. Where there is such a remedy at law, it is well settled that equity will not interpose by injunction, and where the bill shows no ground of equitable jurisdiction, it should be dismissed. *Surber* v. *McClintic,* 10 W. Va. 236; *Morehead* v. *De Ford,* 6 W. Va. 316; opinion in *Goolsby* v. *St. John,* 25 Gratt. 151; *Poage* v. *Bell,* 3 Rand. (Va.) 586; *Webster* v. *Couch,* 6 Rand. (Va.) 519; High, Inj. § 30. In regard to personal covenants of this kind the universal test of equity jurisdiction, as stated by Pomeroy in his Equity Jurisprudence, (volume 3, § 1341) and approved in the opinion delivered by SNYDER, J., in *Knott* v. *Manufacturing Co.,* 30 W. Va. 796 (5 S. E. Rep. 266) and admitted by both American and English courts, is the inadequacy of the legal remedy of damages in the class of contracts to which the particular instance belongs. Now, if the appellants performed work in a defective manner, the law-court was open to them for damages or for deduction from the contract price by recoupment and also by way of the specific relief afforded by the terms of the contract in the twenty five per cent. to be retained by Shepherd until the completion of the work as a guaranty for the execution of the contract. If Shepherd properly canceled the contract, and forbade further work under it, and Groff & Zimmerman had, notwithstanding, gone on with the work, Shepherd would not have been compelled to pay for it. In short for any violation of this merely personal contract a court of law affords ample and appropriate remedy.

There is no allegation in the bill that the act enjoined would entail irreparable injury upon the plaintiff, which could not be compensated in damages. It should certainly charge this. *Railroad Co.* v. *Bobbett*, 5 W. Va. 138; *McClung* v. *Livesay*, 1 W. Va. 329. Nor do I see how such irreparable damage could be predicated of the act, as the road was a county road, over which the public had an easement of passage, even though the fee were in the appellee, and the macadamization was to be put on this road at his expense under an arrangement between him and the County Court, by which he had its sanction to have the work done.

The case of *Frank* v. *Brunnemann*, 8 W. Va. 462, is cited for appellee, because it holds that an injunction in a proper case will be granted to restrain a tenant from doing an act, whether it amount to waste or not, provided it be directly contrary to the tenant's covenant, or even in contravention of an agreement, which may be inferred from a course of dealing between the parties. That case has no application here. That doctrine was applied where land was leased for restricted uses and purposes, and the tenant was cutting and removing timber, which was not contemplated in the lease. The alleged insolvency of the defendants could not alone give jurisdiction. High. Inj. § 21. The fact that an action at law may not be successful, in securing the fruits of a recovery, on account of the insolvency of the defendant, is not of itself a ground of equitable interference. The remedy is what must be looked at. If it exist at law and is ordinarily adequate, its possible want of success is not a consideration. I do not say that insolvency is never a consideration moving a chancellor, as it frequently is, but not alone; for the equitable remedy must exist independently. See *Hellman* v. *Canal Co.*, 37 Pa. St. 104. In *Knott* v. *Manufacturing Co.*, 30 W. Va. 796 (5 S. E. Rep. 266) speaking of the existence of a legal remedy preventing an appeal to equity, Judge SNYDER says: "It may be said this remedy is inadequate by reason of the insolvency of the company, but the reply to this objection is that courts do not provide the means to pay debts, but only the means of enforcing their payment. Whether the

debtor.is solvent or insolvent .is immaterial. The rules of law are the same in either case."

No claim can be made. to justify the injunction.on the idea of the obstruction of a highway being a nuisance; for the work was being done by consent of the authorities, and the plaintiff shows no such special interest and peculiar damage to him, .as to warrant him on that score in obtaining an injunction under the principles stated in *Bridge Co.* v. *Summers,* 13 W. Va. 484, and. *Talbott* v. *King,* 32 W. Va. 6 (9 S. E. Rep. 48). The demurrer to the bill should have been sustained instead of referring the cause for an account; and the motion to dissolve the injunction ought to have been sustained.

The order of the Circuit Court overruling the motion to dissolve the injunction and that referring the cause for an account are reversed and set aside with costs to appellants in this Court; and this Court. entering such decree, as the Circuit Court should have entered, doth dissolve the injunction and.dismiss the bill with costs to Groff & Zimmerman in the Circuit Court.

REVERSED.    DISMISSED.