# CHARLESTON

## CONNELL v. YOST.

Submitted January 27, 1907. Decided April 18, 1907.

1. REFERENCE—*Action at Law—Stating Account.*
    Under section 3921, Code 1906, in any case at law in which it may be deemed necessary the court may direct a commissioner in chancery or other competent person, either before or at the time of trial, to take and state an account between the parties, which

account when thus stated shall be deemed *prima facie* correct and may be given in evidence to the court or jury trying the case. (p. 69.).

2.　INJUNCTION—*Action at Law—Adequate Defense.*

The court will not enjoin the prosecution of an action at law when the defendant can make full and adequate defense in such action. (p. 70.)

Appeal from Circuit Court, Pleasants County.

Bill by M. F. Connell against John A. Yost and others. Decree for plaintiff, and defendant A. W. Yost appeals.

*Reversed.*

J. C. NOLAND and G. D. SMITH, for appellant.

W. S. ALLEN and CRAIG & WELLS, for appellee.

McWHORTER, JUDGE:

M. F. Connell, of Pittsburg, Pennsylvania, filed his bill in equity in the circuit court of Pleasants county praying to enjoin and inhibit A. W. Yost from prosecuting against the plaintiff an action of *assumpsit* brought in said circuit court to recover against the plaintiff the sum of $944 claimed to be due from him to the said Yost for work done under a written contract between the said Connell and Yost, whereby Yost had agreed to drill four oil and gas wells on leases held by said Connell on the lands of W. K. Gardner and C. K. Williamson, Union District of said county of Pleasants, and for a mandatory injunction against the defendant John A. Riggs, constable, to release to the plaintiff property taken by him under an order of attachment issued in the said action of *assumpsit* and that he be enjoined and restrained from exercising any custody or control of said property; and praying for specific performance of the contract between the plaintiff and said Yost for drilling said four wells and praying that the cause be referred to a commissioner to state the accounts between the said Yost and Connell and that the court take complete jurisdiction on the equity side of the court in this cause of all matters and things arising in said law suit and adjudicate and settle all matters in dispute between the parties in this chancery proceeding, and for general relief.

The bill takes up item by item the account and bill of particulars filed by the said Yost with his declaration in *assump-*

*sit* and denies the correctness of them and denies that he is indebted to the said Yost in any sum, but that on the other hand the said Yost is indebted to the plaintiff in the sum of at least more than $500 over and above the loss of tools furnished by plaintiff to said Yost to be used in drilling said wells as set forth in his bill. The defendant Yost demurred to the plaintiff's bill and filed his answer verified under his oath denying the material allegations thereof. To which answer the plaintiff replied generally. The plaintiff gave his deposition in the cause which was filed and the cause was brought on to be heard on the 31st day of July, 1906, upon the plaintiff's bill and exhibits and the deposition of plaintiff which was read and treated as an affidavit, upon the answer of the defendant Yost and replication thereto, upon the demurrer of Yost and upon the motion of Yost to dissolve the injunction, when the court overruled the demurrer as well as the motion to dissolve the injunction and continued the injunction in force until the further order of the court. From which order overruling the demurrer and continuing the injunction in force the defendant Yost appealed and says that the court erred in not sustaining his demurrer to the bill for the reason that it does not present such a case as would warrant a court of chancery in interfering with and usurping the power of a court of law; and for the further reason that the plaintiff in this cause and defendant in said action at law has a full, adequate and complete remedy at law; and also in refusing to dissolve the injunction awarded in the cause, the appellant having in his answer denied the material allegations of the bill and there being nothing alleged in support of said injunction which warranted the court in refusing to dissolve the same. A copy of the contract upon which the action of *assumpsit* was based is filed with the bill and also referred to and made a part of the answer.

The grounds for invoking the aid of equity in the said bill are, First, to prevent irreparable injury that would result to the plaintiff because of said attachment of said property in that said property constitutes his means of operation under the terms of the lease on the Gardner farm, and being unable to continue said operations on account of said attachment the terms of said lease could not be complied with which would work a forfeiture of the same. The lease is not in the

record although it was said it would be filed as an exhibit with the bill. This allegation is met by section 3545, Code 1906, (section 10, chapter 106), providing that the owner of the property attached may release the same on giving a forth-coming bond, when he could continue his operations if he so desired. Second, that the defendant Yost was insolvent and irresponsible and unable to respond in damages to any judgment that might be recovered against him. This allegation is denied emphatically by the defendant Yost. Third, because the claim of said Yost, as set out in the bill of particulars filed with the declaration in his suit at law and upon which resort was had to the extraordinary remedy of attachment, was false and fraudulent in that there was nothing due and unpaid to the said Yost, but that on the contrary Yost was indebted to plaintiff in more than the sum of $500; but he fails to set out in the bill the particulars or facts constituting such fraud, but contents himself with the mere assertion that the account is false and fraudulent and he could prove the fraud, if any, as well at law as in equity. Fourth, he seeks the aid of equity to prevent the violation of the contract between himself and Yost for the drilling of the wells because the same is capable of specific performance and because of the inadequacy of the plaintiff's remedy at law; that an accounting is also necessary "between both parties to said contract" and a decree for specific performance was necessary to afford plaintiff adequate relief. By section 3921, Code 1906 (section 10, chapter 129), the statute expressly provides for an account to be taken and stated between the parties in a suit at law when it may be deemed necessary, which account when stated shall be deemed *prima facie* correct and may be given in evidence to the court or jury trying the case. And further that the issue raised in said suit at law and attachment proceeding does not go to the merits of the controversy on the said contract as the only remedy open to said Connell as the defendant in the action at law would be to recoup in said cause in which he was confined to matters arising out of and connected with the transaction or contract upon which the suit was brought, and that if his claim in recoupment exceeded that of the plaintiff in said action, as it did, he could not re-recover the balance due him, but equity taking jurisdiction of the cause does so for all purposes and does complete justice

between the parties adjudicating the whole merits of the cause and all questions involved therein, avoiding a multiplicity of suits. *Gall* v. *Bank*, 50 W. Va. 597, was a case in which an action at law was pending in the circuit court upon a common law bond when the defendants therein filed their bill in equity alleging that the plaintiffs who were sureties in said bond had compromised the same by the payment of $6,000 in full discharge of their liability thereunder when the court held that, equity would not take jurisdiction to enjoin the prosecution of such action and decree cancellation of the bond on the mere ground that the compromise of the liability under the bond had been made and that the sum of money stipulated by the said compromise to be paid in the discharge of said liability had been paid as adequate defense against the bond on such grounds could be made in the action at law.

It is contended by appellee that the court having taken jurisdiction in equity that it would go on and settle all matters of difference between the parties, that the court of equity has concurrent jurisdiction with the court of law, and cites several authorities as the *National Life Association* v. *Hopkins*, 97 Va. 167, where it is held: "Courts of equity have concurrent jurisdiction with courts of law where the remedy at law is less adequate and complete than in equity." But we must not lose sight of the fact that the law court has assumed jurisdiction and the plaintiff in the action had the right to press his suit, he had exercised his prerogative, had made his choice of forums, if indeed there was here concurrent jurisdiction as is contended. The suit having been brought at law by Yost, it was in that suit Connell should defend. In treating of the subject of concurrent jurisdiction, Mr. Pomeroy in his 1st Eq. Jur., section 179, says: "In further limitation upon the power of equity to interfere where the primary rights, interests, or estates are legal, the doctrine is well settled that when the jurisdictions of law and equity are concurrent, the one which first takes actual cognizance of any particular controversy ordinarily becomes thereby exclusive." In *Gall* v. *Bank*, cited, JUDGE BRANNON speaking for the Court and quoting from *Shelby* v. *Bacon*, 10 How. 56, says: "It is held: 'Where two tribunals have concurrent jurisdiction, the one which first obtains possession of

the subject must adjudicate, and neither party can be forced
into another jurisdiction.' These principles deny this bill
any standing in the court of equity, because of the pendency
of the action at law.   This is enough to decide the case; but
even if there was not an action at law brought long before
the chancery suit, the authorities say that equity has no jur-
isdiction because the door of a common law court is wide
open to the defense based on that compromise by proper pleas
setting it up." In *Laidley* v. *Laidley*, 25 W. Va. 522 (Syl.
pt. 2), it is held: "Averments in a bill of facts showing
equitable jurisdiction, which are shown by other averments
and the manifest objects of the bill to be merely colorable,
will not give equity jurisdiction, if the real cause of action
is one for which the plaintiff has a full and adequate remedy
at law." And in *Parsons* v. *Snyder*, 42 W. Va. 517, (Syl.
pt. 3), it is held: "In cases of concurrent jurisdiction, the
court first taking jurisdiction of the subject has preference,
and may go on to final action, and dispose of the property,
and its action will be conclusive and pass title." *Shay* v.
*Nolan*, 45 W. Va. 299; *Arbuckle* v. *McClanahan*, 6 *Id.*
101; *Hayzlett* v. *McMillan*, 11 *Id.* 464.

In *Shepherd* v. *Groff*, 34 W. Va. 123, it is held: "As a
general rule equity had no jurisdiction to prevent by injunc-
tion the violation of a merely personal contract, unless such
contract be of that class or character capable of being en-
forced by specific performance." And in *Hissam* v. *Par-
rish*, 41 W. Va. 686, it is held: "A court of equity will not
entertain jurisdiction for specific performance of an agree-
ment respecting goods, chattels, stock, choses in action, and
other things of merely personal nature, where compensation
in damages furnishes a complete and satisfactory remedy."
This is a personal contract on the part of Yost to perform
certain work set out and designated in the contract.   If he
refused to complete the work under the contract Connell had
his remedy in an action at law for damages, but a court of
equity could not require its performance specifically, it could
not control the person of Yost and require him to do the
work in accordance with the contract.   "It is an elementary
principle that the court will not grant an injunction where
the party has an adequate remedy at law."   2 Beach on Mod.
Eq., section 640, and cases there cited.   Hogg's Eq. Pr.,

section 233; *Ry. Co.* v. *Ryan*, 31 W. Va. 364; *Surber* v. *McClintic*, 10 W. Va. 236; Va. and W. Va. Digest, 3227, section 27.

For the reasons herein stated the decree of the circuit court is reversed, the injunction dissolved and the plaintiff's bill dismissed without prejudice to the plaintiff to make such defense as he may be advised to make.

*Reversed.*