## CHARLESTON.

ROLLINS *et al. v.* HESS *et al.*

Submitted January 27, 1886.—Decided February 13, 1886.

When personal property is taken in execution, and a third person applies to a court of equity to enjoin the sale on the ground of a prior *incumbrance*, the court has no jurisdiction in such a case, the rule being, that a court of equity can not interfere, when the plaintiff claims as an *incumbrancer* merely; and when he claims as owner of the property, it can only interfere in cases, where from the peculiar nature of the property and circumstances of the case the remedy at law is incomplete. (p. 573.)

*D. W. Polsley* for appellant.

*C. E. Hogg* and *J. S. Spencer* for appellee.

Statement of the case by GREEN, JUDGE:

The following are the facts in this case: On August 25, 1885, Henrietta Hess & Co., the other persons who constituted the company not being stated, recovered against E. E. Baker

before W. Franklin a justice of Mason county West Virginia $240.31 with interest from August 25, 1885, and costs $2.40; and two days thereafter an execution was issued on said judgment and was returnable in sixty days; but by oversight the justice Franklin failed to sign the execution. It was on the same day put into the hands of constable R. H. Van Matre to execute. He did not discover that it was not signed by the justice till October 21, 1885, fifty-one days after it came into his hands. He immediately took it to the justice who signed it. Six days before it was thus signed, this execution was levied by the constable on nineteen acres of corn in the shock, on one third of sixteen acres of corn in the shock, and three stacks of hay, and one heifer calf as the property of the defendant E. E. Baker. This levy was made October 15, 1885, at one and a half o'clock, P. M., and it was so endorsed by said constable on the execution. The plaintiffs in this action knew, when this levy was made. Having learned it six days afterwards on October 21, 1885, that this execution was when levied and still was unsigned by the justice, who rendered the judgment, E. E. Baker on October 21, 1885, gave a deed of trust conveying this property, so levied upon, and one mare to J. S. Spencer, trustee, to indemnify and save harmless P. W. Rollins, Charles Baker and J. T. Alexander against a certain judgment obtained against them and the said E. E. Baker in the circuit court of Mason county, on October 18, 1878, for $795.34 in favor of G. W. Setzer, said A. W. Rollins, Charles Baker and J. T. Alexander having been the securities of said E. E. Baker on the note, upon which said judgment was obtained. By this deed of trust J. S. Spencer, the trustee, was authorized and required to take immediate possession of this property and sell the same according to law. This deed of trust was duly recorded on October 21, 1885, at ten o'clock, A. M. The plaintiff in that suit never took any steps to recover his judgment beyond having it docketed on the judgment-lien docket, E. E. Baker owning said land.

This being the state of facts, A. W. Rollins, Charles Baker and J. T. Alexander presented their bill of injunction to F. A. Guthrie, the judge of the circuit court of Mason county, in vacation, in which the above facts with a few immaterial

omissions, especially omitting their knowledge that said execution had been levied while unsigned by the justice, when said deed of trust was executed. They deny, that this paper unsigned by the justice was an execution; and they pray that said constable, R. H. Van Matre, and the said Henrietta Hess, her agents or attorneys may be inhibited, enjoined and restrained from selling said property under said execution until the further order of the court, and for general relief.

The defendants to this bill were E. E. Baker, J. S. Spencer, trustee, said Henrietta Hess and R. H. Van Matre, constable. The injunction prayed for was granted by the judge in vacation on October 23, 1885, the penalty of the injunction bond required being $100.00. The bill was sworn to in the usual form by the defendant, E. E. Baker. The defendant, Henrietta Hess, filed her answer, in which she demurred to the bill generally and also specially, because it was not sworn to by one of the plaintiffs. She states substantially in her answer the above facts and charges, that this deed of trust was executed by E. E. Baker with intent to delay, hinder and defraud her as one of his creditors, and that J. S. Spencer, the trustee, was a lawyer and had full knowledge of all the facts above stated. This answer was sworn to in the usual form on November 4, 1885; and on the same day she gave notice to all the defendants, that she would on November 9, 1885, at the court-house of said county move the said judge to dissolve said injunction. Various depositions were taken, which proved the facts above stated. On November 9, 1885, the said judge heard the said motion and the following order was made by him in vacation :

"This day came the plaintiffs as well as the defendant Henrietta Hess, by their respective counsel, before me, F. A. Guthrie, judge of the seventh judicial circuit, in vacation, at the court-house of Mason county, West Virginia, in pursuance of notice given by said defendant of a motion to dissolve the injunction heretofore awarded in this cause, and said motion coming on to be heard upon the bill and its exhibits, the answer of defendant, Henrietta Hess, and its exhibits, with plaintiffs' general replication thereto, the depositions of witnesses duly taken and filed in the cause, was argued by counsel; and being of opinion that said motion is not well taken,

I hereby overrule the same and refuse to dissolve said injunction.

" Given under my hand this 6th day of November, 1885.

"  F. A. GUTHRIE,

" *Judge Seventh Judicial Circuit, W. Va.*

("The clerk of the circuit court of Mason county, West Virginia, will enter the above as a vacation order as of the 9th day of November, 1885.—F. A. G.")

From this order Henrietta Hess has obtained an appeal.

Opinion by GREEN, JUDGE :

The argument of the counsel in this case has been principally on the question, whether a justice has a right under sec. 135, ch. 50, Warth's Code, p. 409, to amend an execution by placing his signature thereto, when it had been omitted, especially if the rights of third parties would be thereby prejudiced. I have not examined or considered this question, as the conclusion I have reached in this case would in no manner be affected by any view, which could be taken of the extent of the right of a justice to amend an execution issued by him.

I regard it as clear, that, whatever conclusion might be reached on that question, on the facts stated in the bill the circuit judge ought not to have awarded an injunction and ought to have dissolved it on the motion made by the defendant, Henrietta Hess, on November 9, 1885. Whatever diversity of decisions there may be in other states, it is well settled in this State, "That a court of equity ought not to grant an injunction to stay the sale of personal property levied on by a sheriff by virtue of an execution, which property is owned by a third party, when the property is not from its nature of peculiar value to the owner, and when its sale will not obviously greatly injure the owner by the consequential damages it would produce." (*Baker et al* v. *Rinehard, Mayer & Co. et al.*, point 1 syl. 10 W. Va. 238).

But it is claimed, that, while this is admitted to be the law, the law is different, when the injunction is sought not by the owner but by some one having an incumbrance on such personal property, a simple right to subject it to sale to pay a debt or to indemnify a security ; that this is an equitable

right and it ought to be protected by a court of equity. The truth is that a mere incumbrancer of this character has far less right to ask an injunction to stay such a sale than the owner. For his whole right is to have the property sold and the proceeds paid to him; and the sheriff or constable can as well sell the property as the trustee. He can in no manner be injured by the sale of the property by the sheriff or constable, as the law gives him the most complete and adequate relief, whereby he can get the proceeds of such sale or its equivalent, if he be really entitled thereto—a question which can be more quickly and at much less expense decided in a common law court. This too may be regarded as well settled law in this State. It has been recognized as the law in this State and Virginia for more than half a century. Thus it was was decided in *Bowyer; &c.* v. *Creigh, &c.*, 3 Rand. 25, syl.:

"When personal property is taken in execution and a third person applies to a court of equity to stop the sale on the ground of a prior *incumbrance*, this court has no jurisdiction in such a case: the rule being, that a court of equity can not interfere where the plaintiff claims as an *incumbrancer* merely: and when he claims as *owner* of the property, it can only interfere in cases, where from the peculiar nature of the property, and the circumstances of the case, the remedy at law is incomplete."

This case was substantially like the case before us. An execution was levied on personal property, the *cestui que trust* in a deed of trust to secure a debt claiming to have a lien prior and superior to the execution obtained an injunction to prevent the sale of the property levied on; and the injunction was dissolved, because a court of equity had no right to award an injunation in such a case and to determine who was entitled to the property, as the courts of common law furnished an adequate and complete remedy. This decision was made after a most careful and elaborate consideration of the whole matter; and it has ever since, so far as I know, been regarded as law. I entirely approve it. The reasons assigned by Judge Carr in delivering the opinion of the court seem to me conclusive. I will quote briefly from them. On page 28 he says:

"Now I ask to which of the enumerated subjects of equitable jurisdiction can the case before us be referred ? Is equity invoked, because there is no legal remedy, or the remedy incomplete, or because the law courts are made instruments of injustice, or to remove impediments to a fair decision of the question, or to provide for the safety of property. pending litigation, or to restrain the operation of a doubtful right in a manner productive of irreparable injury ? We look in vain for any such allegations in the bill. It is simply that the plaintiff's security may be deminished by a sale of the property. Now this allegation is so far from true, that it seems to me, that the very first thing Bowyer the creditor secured by the deed of trust could have done would have been to suffer the creditors to indemnify and sell the property, and to have taken his legal remedy against them, if indeed his *real* object in taking the deed was to secure his debt, and his *real* wish, after the seizure, was to settle the controversy in the shortest way, and with the least risk to himself. By coming into equity the paintiff has had to give bond, and security, thus rendering himself liable, &c.  *  *  *  *  If instead of filing his bill he had given notice of his claim, and suffered the creditors to indemnify and sell, the property would have been turned into money at once ; thus saving all chance of loss from death, waste or enjoinment, and instead of the faith and responsibility of the debtor the plaintiff would have had (supposing his deed *bona fide*) a certainty of recovering the full value of the property sold. He might have taken his choice of remidies, a suit for the specified thing ; for damages or on the indemnifying bond ; a bond guarneteed by the sheriff and all his securities. And in addition to this certainty, he would have the speedy remedy of a legal trial, instead of the tedious process of a suit in equity. Thus supposing the plaintiff a *fair* incumbrance he would have been benefited rather than injured by a proceeding at law."

Some of the legal remedies pointed out by Judge Carr must be in the name probably of the trustee, but this of course would not render it less efficient. Judge Carr then proceeds to show that this awarding of injunctions in such cases to *incumbrancers* operates gross injustice and hardship on the execution-creditor ; but I will not follow his

reasoning further but commend it to any, who may doubt as to the sound policy of refusing to award to *incumbrancers* injunction to the sale of property, which is taken by an officer on an execution good or bad. But really the time for considering by our courts the policy of this law has long passed, as it has been too long settled in Virginia and this State to be now disturbed.

For these reasons I am of opinion, that the vacation-order made by the judge below on November 9, 1885, refusing to dissolve the injunction in this cause must be set aside, reversed and annulled; and that the appellees, A. W. Rollins, Charles Baker and J. T. Alexander, do pay to the appellant his costs in this Court expended; and this Court proceeding to render such judgment as the court below ought there to have rendered on said motion, doth dissolve said injunction and doth remand the said cause to the circuit court with instructions at the next term of said court to enter a decree dismissing said bill at the cost of the plaintiffs.

REVERSED.   REMANDED.