# CHARLESTON.

## Lance v. McCoy.

\*(Holt, Judge, absent.)

Submitted June 12, 1890.—Decided December 10, 1890.

1. Insanity—Committee—Notice.
    Before a County Court can appoint a committee for an insane person who has not been found insane by a justice on examination for lunacy, or in a court wherein he is charged with crime, five days' notice must be given to the person suspected to be insane, as required by Code 1887, c. 58, s. 38.

2. Insanity—Committee—Notice—Injunction.
    Though such an appointment be made without such notice, and though it be void, yet an injunction will not lie to restrain the exercise of powers under such appointment, as there is adequate remedy at law.

3. Insanity—Committee—Revocation.
    Such appointment may be revoked under Code 1887, c. 87, s. 10.

---

*Case submitted before Judge Holt's appointment.

*Dayton & Dayton* for appellant, cited :

6 Ves. 273 ; 8 Ves. 66 ; 12 Ves. 446 ; 19 Ves. 285 ; 2 Johns. Ch'y 232 ; Co. Litt. 246b.; 3 Atk. 168; 3 Eq. Cas. Abr. 580 ; 2 Ves. 407 ; Preced. Ch'y 229 ; 14 Ves. 172, 4 Co.127 ; 4 Johns. Ch'y 441 ; 53 Me. 207 ; 1 N. J. L. 372; 4 Cent. Rep. 62, 41 N. J. Eq. 411 ; 108 Ind. 545.

*M. Peck* for appellee, cited :

Code, c. 58, ss. 37, 38, 41 ; Code, c. 163, s. 14 ; Code, c. 118, s. 1 ; Code, c. 39, s. 9, 48 ; Ad. Eq. (6th Am. Ed.) 290 (s. p.) N. 1, 292 ; Sto. Eq. Juris. § 1365 *et seq.;* 54 Barb. 274 ; 7 W. Va. 152, 161, 168, 172, 183 ; Code, c. 112, s. 14 ; 2 Tuck. Comm. 472 (s. p.) ; 5 W. Va. 391 ; 9 Gratt. 379 ; 31 W. Va. 367 ; 28 Gratt. 646 ; 7 Leigh. 346 ; 2 Barb. Ch'y 208 ; 3 Johns. Ch'y 567 ; 37 Ga. 265 ; Schon. Ex'rs & Adm'rs, § 157; 4 C. E. Gr. 159 ; 15 W. Va. 479 ; 2 Bav. Ch'y Pr. 54, 158, 1121, 1461.

BRANNON, JUDGE :

This is an appeal taken by Winfield S. McCoy to a decree pronounced July 14, 1888, by the Circuit Court of Barbour county in a suit brought by Elizabeth Lance against McCoy. In November, 1887, Elizabeth Lance presented to the judge of the third circuit a bill in chancery, in which she alleged, among other things, that she was owner of certain personal estate and aged, but of good, clear understanding, competent to manage such affairs as devolved upon her ; that an imbecile son of hers, conceiving the idea that she should have a committee, made oath and procured other persons to make oath, before the County Court of Barbour county, that she was insane and not capable of taking care of herself, and had said McCoy appointed her committee, who qualified as such ; that this was done without her knowledge or consent ; that McCoy had sold some of her property and proposed to appraise and sell all of it, and she did not know what disposition was to be made of herself ; that the appointment of such committee was secret and a great outrage and disturbance to her in old age, in her peaceful country-home, where she was living nicely, near by a son, surrounded by her cows and other stock ; that she needed no committee ; that, if she had had notice,

she could have defeated the appointment, but court had adjourned before she heard of it. She prays that as she was thus, by the act of an imbecile, without notice, distressed and robbed of all her peace of mind, the court would enjoin McCoy from all further action as her committee, until the matter could be inquired into, and she could have a chance to establish her sanity, and that, when she should do so, said committee be discharged from further service and required to restore all her property wrongfully taken away from her and the proceeds of any which he had sold.

The judge granted the injunction as prayed for. McCoy filed his answer, whereby he resisted relief to the plaintiff by reason of want of jurisdiction and other matters of fact, and prayed dismissal of the cause. The cause was heard on bill, answer, general replication and depositions, and a decree was pronounced that McCoy be perpetually enjoined from taking into his custody the person or property of the plaintiff, and that he deliver to her all money and property in his hands as committee.

The point first assigned as error in the decree is want of jurisdiction in equity to entertain the complaint. It can not be said that jurisdiction of this suit can be maintained on the theory that courts of equity have jurisdiction over the persons and property of lunatics as a special jurisdiction; for such courts in America do not possess such jurisdiction, except in a few States where statutes confer it. Pom. Eq. Jur. § 1313. They exercise jurisdiction over committees for account as fiduciaries, but have no special jurisdiction because a person is *non compos.* Jurisdiction is asserted by appellee's attorney on the theory that the appointment of the committee was void for want of notice, and therefore equity can be appealed to to declare and treat it as void. Code (1887) c. 58, s. 38, provides that if a person not found insane by a justice on an inquest of lunacy, or in a court wherein he is charged with crime, be suspected to be insane, a Circuit Court shall on the application of any one interested and after five days' notice to the person suspected examine into his state of mind, and, being satisfied that he is insane, shall appoint a committee of him. Thus, clearly, the Circuit Court can not appoint a committee

without notice. But this appointment was by the County Court, and as to it the grant of jurisdiction in Code, c. 39, s. 9, is only in the general language used in the constitution (Article VIII, § 24) namely: "They shall have jurisdiction in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators," *etc.*, without any regulation as to notice, or the procedure as to appointment of committees; and therefore it may be said that as to appointment by the County Court of committees there is no requirement of notice. This would present the anomaly that the Circuit Court must, while the County Court need not, give notice. But I think we should, under a familiar rule of construction—that all statutes *in pari materia* should be read together—read this provision as to the County Courts along with said section 38 of chapter 58, regulating the appointment of committees by Circuit Courts; thus requiring notice in County Courts, as well as Circuit Courts. Considering the serious consequences to the party adjudged insane by the appointment of a committee, carrying with it personal degradation, placing the party's person in the custody of the committee, and thus depriving him of his freedom, and the possession and control of all his estate, we think we can, and ought to, hold that such notice is a prerequisite to the exercise of such power by the County Court.

Then the appointment is void. How shall the plaintiff get rid of it? I do not concur with appellant's counsel that she can do so by appeal under the Code (1887) c. 39, s. 47, because she was not a party to the proceeding. *County Court* v. *Armstrong, supra* p. 1. For the same reason I doubt whether she can have relief by *certiorari* under chapter 110, Code. I incline to think, however, that as this appointment was *ex parte* and without notice, Mrs. Lance, even outside of the statute cited below, might have applied to the County Court to set it aside, and, if the court improperly refused, she might have appealed. *Conrad* v. *County of Lewis,* 10 W. Va. 784, 789 and *Hollins* v. *Patterson,* 6 Leigh, 457.

In *Yeager* v. *Carpenter,* 8 Leigh, 454, Judge TUCKER said: "In a case of this kind, where an illegal order is made

which is injurious to one who is no party to the record, and who can not, therefore, sue out a *supersedeas* or writ of error or obtain an appeal, the question presents itself, how is the injured party to be redressed?" He responds: "There being no party, there is no *lis;* and the order establishing the road is certainly not the judgment of the court, but a mere police order, which may be set aside upon motion at a subsequent term, and, if the motion to rescind were refused, the party might have his redress—whether by *supersedeas* or *mandamus* it might be premature to say."

That was a road order; but I do not think that alters the principle. It is the fact, that the order is *ex parte* and without notice, that leaves it open to rescission on motion. It is stated in the American & English Encyclopedia of Law that, when a party is restored to sanity, the court appointing committee may discharge committee. I shall not discuss the question how far, without statute, a court appointing committee regularly may, on like principles as to administrators, revoke appointment. See 1 Lomax, Ex'rs, 192, c. 2, § 1. I need not say pointedly what other remedies the plaintiff has, regardless of that given by the Code (1887) c. 87, s. 10, for I am decided in opinion that under it Mrs. Lance could have adequate remedy, with a short delay, under that section, which provides that the court appointing a committee may, whenever from any cause it appears proper, revoke and annul his powers. Under a clause in the Virginia Code, from which we derived this provision, the court of appeals of Virginia held that an executor was properly removed for a cause not assigned in the statute, and the court said the discretion under it was large. *Reynolds* v. *Zink,* 27 Gratt. 29. This statute specifies several causes of revocation of the fiduciary's authority, and then adds: "Or whenever from any cause it appears proper;" thus in language and intent making the remedial feature of the statute broad.

But it may suggest itself to the mind that though Mrs. Lance had remedy as above indicated; while, as to property rights invaded under the appointment, other remedy might be present and adequate—yet this case involves her personal liberty, the right to go and come and abide when

and where she chooses—personal rights precious and sacred beyond pecuniary compensation in the eye of the law—as under the law a committee has the custody and control of the person of the *non compos* (Code c. 58, s. 41); and that, as the court was not always in session to be asked for other relief, such remedy is neither prompt nor adequate, and therefore equity should intervene by injunction to restrain the exercise of the powers of the committee. Here the answer is : As the appointment is void, any personal restraint could be relieved by *habeas corpus*—that great writ of the common-law, standing always ready, prompt and adequate to vindicate personal liberty. For these reasons we have to apply the old rule that the remedy by injunction does not lie in this case, because there is adequate remedy at law, and reverse the decree, dissolve the injunction and dismiss the bill, without prejudice to any legal remedy to plaintiff.

REVERSED. DISMISSED.