# POTTS *v.* HOLLEN.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 143. Submitted February 1, 1900. — Decided March 26, 1900.

For the reasons stated in the opinion in *Black* v. *Jackson, ante,* 349, the court holds that the issue of fact involving the right of possession of the premises in dispute could not properly be determined without the aid of a jury, unless a jury was waived; and that the case made by the plaintiff was not such as to entitle him to a mandatory injunction.

THIS action was commenced by petition filed in the District Court for Kay County, Oklahoma Territory.

The plaintiff Hollen, the appellee here, alleged that on the

13th day of October, 1893, he made a homestead entry of the southeast quarter of section 32, township 28 north, of range 3 east, I. M., in Perry land district, Oklahoma Territory, which land office had jurisdiction over that tract, and the officers of which had authority to make and allow such entry ; that there was filed in that office at Perry a certified affidavit of contest by defendant Potts ; that under the allegations of that contest the case went to a hearing, after which a decision was rendered in favor of plaintiff and the contest case was dismissed, from which decision defendant appealed, but not within the time required by law, to the Commissioner of the General Land Office who affirmed the decision of the local land office; that the defendant filed an amended contest affidavit before the Commissioner, which was rejected and the motion for rehearing was denied; that the defendant appealed from the Commissioner's decision, and on the 9th day of June, 1896, the Secretary of the Interior passed upon the case and affirmed the action of the Commissioner; that all the proceedings before the Interior Department upon which the defendant was entitled to be heard with reference to such land contest had been had and the case was fully closed; that under and by virtue of his homestead entry the plaintiff was entitled to the exclusive use, benefit and possession of all the southeast quarter of section 32, township 28 north, range 3 east ; that under claim of right, based upon the contest so dismissed, defendant entered upon said quarter section and entered into possession of a part thereof, erecting or causing to be erected a house and other improvements thereon, and still maintained possession of a portion of the section under the protest and against the wishes of plaintiff and without claim or color of title thereto; that defendant at the time had pending before the Department of the Interior no contest or claim or right or title to said tract or piece of land; that defendant was insolvent and unable to respond in damages to the plaintiff, and her possession of and improvements upon the tract prevented the plaintiff from properly cultivating and using that portion of the land in her possession ; that defendant threatened, by retaining the possession of a portion of the tract, to involve the plaintiff in many vexatious suits, to his great and irreparable damage

and injury; that she had been in possession of a portion of the land since a short time after the opening of the Cherokee outlet; that the plaintiff had no adequate remedy at law; that the defendant had used, cultivated and controlled about 25 acres of the land to plaintiff's damage in the sum of one hundred and fifty dollars; and that the rents and profits of the land so used by the defendant would amount to about one hundred and fifty dollars.

The relief asked was that the defendant, her agents and employés, be restrained from interfering with the plaintiff's possession, use and occupancy of the land included in his homestead entry; that she be enjoined from cultivating, improving or occupying any part of the tract; and that she be permitted within a time to be fixed to remove therefrom any improvements made by her prior to the plaintiff's homestead entry, and vacate the land on the order of the court.

The defendant in her answer admitted that "defendant [plaintiff] has the homestead entry in said land and that defendant filed a contest against said entry," but denied each and every other material allegation of the petitioner. The defendant also alleged that "she filed a contest against the said entry of the said Hollen, charging and alleging in substance that plaintiff was disqualified to enter and hold lands by reason of having entered the Cherokee outlet prior to 12 o'clock noon of September 16, 1893, and run from the south side of the Chillocco reservation, which is three and one half miles south of the lines established in the President's proclamation; that said contest was rejected and defendant duly appealed, and while said cause was still pending defendant filed her amended affidavit of contest against said entry, a copy of which said contest is attached to plaintiff's petition, marked ' Exhibit C,' and hereby referred to and made a part of this answer. Defendant further alleges that within the time required by the rules of practice in the Land Department, to wit, July 22, 1896, she filed a motion for a review of the Secretary's decision of June 9, 1896, a copy of which said motion is hereto attached, marked ' Exhibit A,' and made a part hereof; and that said cause is

now and was pending at the commencement of this action in the Land Department of the United States."

The plaintiff filed a reply denying "each and every material allegation" in the defendant's answer.

To sustain the issues on his part the plaintiff introduced in evidence an official communication to the register and receiver at Perry, Oklahoma, from the Commissioner of the Land Office dated November 24, 1896, which showed that the defendant's motion for a review of the previous action taken in the contest case had been denied by the Land Department. That communication concluded: "The case is hereby closed, and you will advise said Potts that she may, if she elects, file a new contest against the entryman Hollen incorporating the charge set out in her amended affidavit in due time the action taken, transmitting therewith evidence of notice hereof and of the decision of the department." The plaintiff then testified in his own behalf, stating that he had the homestead entry on the land in dispute; that the defendant was residing on part of it, about 25 acres. The plaintiff having rested upon this proof, the defendant demurred to the evidence upon two grounds: 1. It did not sustain the allegations of the petition. 2. It did not show that the plaintiff had a cause of action. The demurrer was overruled, an exception to that action of the court being taken. The defendant stood upon the demurrer and introduced no evidence.

The trial court without a jury rendered judgment for the plaintiff, enjoining the defendant from interfering with his right to possess and control the land in question, "except that the defendant is hereby given the right to enter upon and harvest the fall wheat crop she has sown upon the land in dispute, and is to remove said wheat from said land within thirty days after the same is ripe and fit to cut;" and she was further enjoined and restrained "from removing or interfering [with] or injuring in any way any well of water that she may have placed upon said land, and all growing timber or trees that she may have placed upon said land, and any growing timber or trees that she may have planted."

The Supreme Court of the Territory affirmed the judgment

of the inferior court. The syllabus of its opinion, prepared by the court, is as follows : " Injunction—When properly granted. —A filed a homestead entry for a tract of Government land. B initiated a contest, alleging that A was disqualified from en-- tering the land. The contest was by the Land Department de- cided in favor of A. During the pendency of such contest B filed an amended affidavit of contest, alleging a different ground of disqualification upon the part of A. Shortly after B first instituted the first contest, B in some manner became possessed of about 25 acres of the land, and held such possession until after the final decision upon the first contest. Held, that upon the authority of *Sproat* v. *Durland*, 2 Okl. 24, A was entitled to an injunction restraining B from interfering with the possession of A, and requiring him to remove from the land in dispute." 6 Okla. 696.

From the judgment of the Supreme Court of the Territory the defendant appealed to this court.

*Mr. John W. Shartel* and *Mr. S. H. Harris* for appellant.

*Mr. Fred. Beall* for appellee.

Mr. Justice Harlan, after stating the case, delivered the opin- ion of the court.

The motion to dismiss the present appeal is denied. The land in question is shown to be of greater value than five thousand dollars. In addition to the affidavits filed on the subject of value, the record contains an order made by the Supreme Court of the Territory on the application for appeal stating that more than the above amount was involved in the action. This order we assume was based upon proof as to value.

One of the assignments of error is that the Supreme Court of the Territory erred in holding that the trial court had jurisdic- tion of the subject of the action and the right to entertain the suit as a proceeding in equity and without a trial by jury.

For the reasons stated in the opinion in *Black* v. *Jackson*, just decided, we adjudge that the issue of fact involving the right of possession of the premises in dispute could not properly

be determined without the aid of a jury, unless a jury was waived. Without repeating what was said in that opinion, we also hold that the case made by the plaintiff was not such as to entitle him to a mandatory injunction.

The decree is reversed and cause remanded for such further proceedings as may be consistent with this opinion.

*Reversed.*