# CHARLESTON.

BAILEY *v* McClaugherty.

Decided December 15, 1900.

1. TAX SALE—*Payment—Validity.*

   P. sells and conveys a piece of land to B., who has himself charged therewith on the land books, and pays the taxes thereon for one year, but the next year fails to pay the same. The land still remains charged to P., and he pays the taxes thereon for the year in which B. fails to pay. The land is returned delinquent in the name of B., and sold, the purchaser in due time acquiring a deed therefor. *Held,* that the fact that the taxes were paid by P. will not render said delinquent sales, and the conveyance in pursuance thereof, void and ineffective. (p. 548).

2. DUTY OF OWNER—*Failure to Comply.*

 It is the duty of the owner of land to have it charged to himself on the land books, and to pay the taxes thereon. His failure to comply with this duty renders the land liable to be returned delinquent and sold. (p. 549).

Appeal from Circuit Court, Mercer County.

Bill by H. E. Bailey against W. W. McClaugherty and O. C. Jenkins. Decree for plaintiff. Defendants appeal.

*Reversed.*

R. C. McCLAUGHERTY, for appellants.

JOHNSON & HALE, for appellees.

ENGLISH, JUDGE:

W. A. Powell was the owner of certain lots of land situated in the town of Bluefield, Mercer County, West Virginia, to-wit, a lot on the north side of the N. & W. R. R. adjoining Straley lot and others and parts of lots twelve and thirteen in what is known as the Day survey. On the 3rd day of May, 1892, said Powell and wife conveyed said lots to H. E. Bailey by deed of that date, which was duly recorded. The lots were regularly transferred to Bailey, and charged to him on the land books of Mercer County. In the year 1893 he paid the taxes thereon, but in 1894 he failed to pay them; the land was returned delinquent, sold by the sheriff on the 11th of November, 1895, and was purchased by W. W. McClaugherty, and on the 28th of November, 1896, a deed was made to said purchaser by the clerk of the county court. This suit was brought by Bailey to set aside said deed as a cloud upon his title, and to declare the said deed void. The plaintiff in his bill claims that said lots were on the land books of said county for the year 1894 in the name of W. A. Powell his vendor, and that the taxes thereon were duly paid by Powell, and for that reason said land was not properly returned delinquent; and the proceedings to sell the same were illegal and void.

Our statute, section 31 of chapter 39 of the Code, provides, that, "It shall be the duty of every owner of land to have it entered on the land books of the county in which it or a part of it is situated and to cause himself to be charged with the taxes thereon, and pay the same." The plaintiff, Bailey, complied

with this requirement, in so far as it directs the owner of land to have it entered on the land books; but he failed to comply therewith in that he did not pay the taxes thereon for the year 1894; and it was sold by the sheriff as aforesaid.

Bailey claims that by said sale and conveyance no title passed to McClaugherty, because said land still remained charged on the land books to his vendor Powell, and the taxes for 1894 were paid by Powell, and should not have been returned delinquent.

Can we say that this contention is correct?

This Court has in several cases decided that where the land remains assessed to the vendor and he fails to pay the taxes, a return of the land as delinquent in the name of the vendor after the title has passed to the vendee and been charged to him on the land books passes no title to the purchaser at such delinquent sale. See *Simpson et al.* v. *Edmiston et al.,* 23 W. Va. 675, where it is held that "where two or more persons claim the same land under adverse titles, or color of title, if either desires to protect his title from forfeiture he must enter the land on the assessor's book in his name and pay the taxes thereon."

In *Witham* v. *Sayer,* 9 W. Va. 671, it was held that where the same land is charged by the assessor with taxes in the names of the grantor and his grantee, and the taxes are paid by the grantee, if the land is sold for the non-payment of taxes assessed against the grantor, the purchaser at such sale acquires no title. See *Bradley et al.* v. *Ewart et al.,* 18 W. Va. 598, point 4 of syllabus.

In the case at bar the land was returned delinquent and sold for taxes by the legal owners thereof. The fact that the taxes on this land were paid by Powell the plaintiff's vendor would not avail him to set aside the conveyance to McClaugherty for the reason that Powell was not the owner in whose name the land was returned delinquent. There was no legal obligation on him to pay the taxes assessed thereon, and he might have had the erroneous assessment corrected and the money paid returned to him. As we have seen, chapter 31, section 39 of the Code, provides that the owner of land shall cause himself to be charged with the taxes thereon and pay the same. The statute therefore intends that if the owner would avoid the consequence of delinquency and sale he must not depend on the payment of the taxes by others on whom no obligation to pay it rests, but must pay them himself, and then, if they are returned delin-

quent and sold, sections 26-27 of chapter 31 provides his remedy.

In this case the plaintiff was the legal owner of the land in controversy; it was charged to him on the land books, and on him alone rested the legal obligation of paying the taxes. If Powell, his grantor had failed to pay the taxes, the land could not have been legally sold for such failure, and the purchaser at such sale could acquire no title; but it is different when Bailey, the owner, fails to pay said taxes. Then a legal delinquency occurs, a sale takes place, and unless redeemed in proper time, a deed is made which confers title upon the purchaser. In my view of the case presented, the court erred in overruling the demurrer and setting aside the deeds made to McClaugherty and Jenkins. The decree is reversed and the bill dismissed.

BRANNON, JUDGE, (concurring):

My reason for the decision in this case, given in short space, is that the law requires the assessment of the land in the name of its present owner, not in that of a former owner. If assessed in the name of the present owner, assessment in the name of the former owner is simply void. *Yancey* v. *Hopkins,* 1 Munf. 419; 1 Blackw. Tax. Titles, s. 257, therefore, a sale in the name of that true owner must pass to the purchaser that owner's title, because the statute (Code, Chapter 31, section 25) says that the purchaser shall get such title as was vested in the person charged with the taxes, and payment of taxes in the name of the former owner, who has no title, cannot avert such result,—cannot deprive the purchaser of the benefit of a regular sale under an assessment in the name of the true owner. A valid thing cannot be nullified by a void thing. At this term we decided that payment in the name of the true owner is effectual to render void a sale in the name of the former owner. *Boggess* v. *Scott,* 37 S. E. 661. As payment in the name of the true owner has such effect, so, conversely, would a sale in his name be valid. If the land had not been charged in the name of the true owner, an assessment and sale in the name of the former owner would pass title, though that former owner had no title, but that is only because the statute gives it that effect in such instance.

*Reversed.*