# CHARLESTON.

MODERN SHOW CASE AND FIXTURE COMPANY *and* THE BRYAN SHOW CASE COMPANY *v.* W. A. TODD *et al.*

(No. 5935)

Submitted April 20, 1927.      Decided April 26, 1927

1. EXECUTION—*Generally, Equity May Not Enjoin Judicial Sale of Personal Property at Suit of Third Party, in View of Adequate Legal Remedy (Code, c. 50, § 151, and c. 107).*

   Generally equity is without jurisdiction at the suit of a third person to enjoin the sale of personal property under judicial process, claimed by such third party, the law affording him a complete and adequate remedy. (p. 492).

2. CHATTEL MORTGAGES—*Equity Suit is Not Necessary to Foreclose Equity of Redemption Under Chattel Mortgage Investing Mortgagee or Trustee With Power of Sale.*

   A suit in equity is not necessary to foreclose the equity of redemption of the mortgagor under a chattel mortgage which by its terms invests in the mortgagee or trustee the power of sale to satisfy the debt or liability secured thereby, and to invest in the purchaser good title to the property. (p. 492).

Appeal from Circuit Court, Kanawha County.

Suit by Modern Show Case & Fixture Company and another against W. A. Todd and others. From a decree dissolving an injunction and dismissing plaintiffs' bill as to defendants Cohen and Malone, plaintiffs appeal.

*Affirmed.*

*Howard R. Klostermeyer* and *Conley & Johnson,* for appellants.

*E. S. Bock* and *Chas. Cohen,* for appellee.

MILLER, JUDGE:

The decree of the circuit court appealed from, pronounced in this cause on January 10, 1927, on the petition of the Modern Show Case and Fixture Company, a corporation, and The Bryan Show Case Company, a corporation, denied an appeal

from the Court of Common Pleas of Kanawha County, pronounced in said cause on December 22, 1926. The latter decree brought the cause to be heard upon defendants' demurrer and answer, and general replication, to the bill and its exhibits, and the motion of the defendant Sol Cohen to dissolve the injunction theretofore awarded, and arguments of counsel, and thereby without other proof dissolved the injunction and dismissed the bill as to the defendants Cohen and Malone, constable, and awarded costs in favor of Cohen against plaintiffs.

The sole object of the bill was to enjoin Cohen, and Malone, constable, and any other person acting under authority from W. A. Tully, justice of the peace, and especially the said Malone, constable, from selling or attempting to sell the personal property levied on by said constable by virtue of a distress warrant and order of sale issued by said justice, calling for $300.00 for rent accrued to Cohen under a lease to the Todd Drug Company, of a store building in the town of Dunbar.

The bill alleges that the plaintiffs are entitled to possession and control of said property by virtue of a certain chattel mortgage executed by the said W. A. Todd individually to the Bryan Show Case Company, a corporation, to secure the payment of $920.50, represented by twenty-four notes and interest, bearing date April 9, 1926, given by him to plaintiffs in payment for the said property, and which property not being the goods and chattels of the said Todd Drug Company, was not subject to the debts of said company, nor to be distrained by the said Cohen for the rent alleged to be due him from said company, and could not be lawfully sold by said constable under said distress warrant or order of sale.

The demurrer involves the question of jurisdiction in equity to restrain the sale of said property under said distress warrant and order of sale, and the question of the right and title of the Todd Drug Company, it being affirmed by demurrant that the plaintiffs have full, complete and adequate remedy at law, nothing being alleged showing that said property has any special value to the plaintiffs that could not be fully compensated or relieved at law.

The facts pleaded and shown by the record simply make out a case of conflicting claims to the goods levied on and taken by said constable, that of Cohen to subject them to the payment of his rent, accrued to him under his lease to the Todd Drug Company, and that of the plaintiffs to have the sale thereof enjoined, the property released from said process, the liens thereon and their privities decreed, and the same subjected to. the payment of their chattel mortgage.

The proposition affirmed and relied on here to support the decrees below, is that by sections 151, chapter 50, or section 5, chapter 107, of the Code, the one relating to proceedings in the classes of cases therein enumerated, before justices' of the peace, the other to proceedings in the circuit court, in the classes of cases therein enumerated, plaintiffs have a complete and adequate remedy at law, and having such remedy, equity is wholly without jurisdiction to enjoin the sale of said property, or on the facts alleged, to settle the rights and titles of the respective parties to said property.

Generally, equity will not entertain a party when the law provides him an adequate remedy for his grievance; and we have distinctly decided in accord with this principle of equity, that injunction will not lie to restrain the sale of goods and chattels claimed by a third party unless they are of some peculiar value to the owner, and it be clearly shown and manifestly appear that great injustice would result to the owner from consequential damages from the sale, because the owner has an adequate remedy at law. ` *Zanhizer et al.* v. *Hefner et al.*, 47 W. Va. 418; *Rollins* v. *Hess*, 27 W. Va.· 570, and cases cited. In these cases the sections of chapters 50 and 107 of the code referred to were regarded as providing full and adequate relief at law in cases like the one here. As these cases cover the whole subject, we need not repeat here the arguments offered justifying the conclusion we have reached.

The point most strongly urged in behalf of plaintiffs, is that jurisdiction in equity exists as a means of foreclosure of the equity of redemption. A suit in equity is not necessary to foreclose the equity of redemption of the mortgagor under a chattel mortgage which by its terms invests in the

mortgagee or trustee the power of sale to satisfy the debt or liability secured thereby, and to invest in the purchaser good title to the property.

*Affirmed.*