J. A. BACKUS, *et al.*

*v.*

·J. H. (Toss) ABBOT, *Assessor, etc.*

(No. 10423)

Submitted January 22, 1952. Decided February 19, 1952.

*J. Howard Hundley,* for appellants.

*No appearance* for appellee.

HAYMOND, JUDGE:

This is a suit in equity, instituted in March, 1951, in the Circuit Court of Kanawha County, in which the plaintiffs, J. A. Backus, L. M. Backus, John J. Fogle, and Josephine M. Fogle, seek a mandatory injunction to require the defendant, J. H. Abbot, Assessor of Kanawha County, to assess and enter upon the land books of that county for taxation a certain tract of forty seven acres of land on Elk Two Mile Creek, in Malden District, Kanawha County, which the plaintiffs claim as owners.

The case was heard in the circuit court upon the bill of complaint of the plaintiffs and its exhibits, the special plea in bar of the defendant and its exhibits, the special reply of the plaintiffs, and the demurrer of the defendant to the special reply of the plaintiffs. By final decree entered July 5, 1951, the circuit court sustained the demurrer of the defendant to the special reply of the plaintiffs, sustained the special plea in bar of the defendant, and dismissed the suit at the cost of the plaintiffs. From that decree this Court granted this appeal upon the petition of the plaintiffs.

The bill of complaint alleges that by deed dated June 23, 1939, duly recorded, Charles Skyles and Ida Skyles, his wife, conveyed to the plaintiffs a tract of land on Elk Two Mile Creek, Malden District, Kanawha County, bounded and described "On the northwest by the lines of Luther Skyles, H. T. Skyles, and Josephine Skyles; on

the northeast by the Brown and Barker and White lines; on the east by the line of S. O. Faber; on the southwest by the lines of St. Clair Skyles and Robert Beasley, containing forty-seven (47) acres, more or less"; that the plaintiffs J. A. Backus and L. M. Backus, immediately after the delivery of that deed, entered upon the land, erected a dwelling and fenced, farmed and improved the land and, since the year 1939, have had actual, continuous and adverse possession of it; that by deed dated September 2, 1950, also duly recorded, the plaintiffs J. A. Backus and L. M. Backus conveyed the land to the plantiffs John J. Fogle and Josephine M. Fogle, but reserved an estate for the lives of the grantors; that the land was forfeited to the State of West Virginia for nonentry upon the land books for Malden District, Kanawha County; that on March 31, 1950, the plaintiffs J. A. Backus and L. M. Backus redeemed the land and paid to the Auditor of West Virginia the amount necessary for that purpose up to and including the year 1949; that the Auditor placed the land upon the land books for assessment purposes in the name of the plaintiffs J. A. Backus and L. M. Backus and issued to them his certificate of redemption which is filed as an exhibit with the bill of complaint; that upon delivery of the certificate by the plaintiffs J. A. Backus and L. M. Backus to the defendant he duly assessed the land by entering it upon the land books for Malden District, Kanawha County, in the name of the plaintiffs J. A. Backus and L. M. Backus; that when the plaintiffs offered to pay the 1950 taxes upon the land they learned that after it had been entered upon the land books and assessed by the defendant, as stated, the defendant arbitrarily, wrongfully and capriciously removed it from the land books and refused, and still refuses, to assess and enter it upon the land books for Malden District in the name of the plaintiffs J. A. Backus and L. M. Backus, notwithstanding their request that he assess the land and enter it upon the land books in their name; that the plaintiffs have perfect title to the land and that it is their duty to have it assessed and to pay taxes on it in order to pre-

vent a forfeiture of their title; and that it is the duty of the defendant, as Assessor of Kanawha County, to assess and enter the land upon the land books for Malden District, Kanawha County, in the name of the plaintiffs J. A. Backus and L. M. Backus.

The prayer of the bill of complaint is that the defendant be required by mandatory injunction to assess the tract of forty seven acres of land on Elk Two Mile Creek, Malden District, Kanawha County, in the name of the plaintiffs John J. Fogle and Josephine M. Fogle, as grantees of the plaintiffs J. A. Backus and L. M. Backus, and to place it on the land books in their name for the year 1952, to keep it properly assessed in their name, and to assess back taxes upon it for the years 1950 and 1951; and that the plaintiffs be granted such other and further relief as may be proper.

The special plea in bar, filed by the defendant, admits the existence of the deed from Charles Skyles and Ida Skyles, his wife, to the plaintiffs J. A. Backus and L. M. Backus dated June 23, 1939, and of the deed from J. A. Backus and L. M. Backus to the plaintiffs John J. Fogle and Josephine M. Fogle dated September 2, 1950, for the tract of forty seven acres of land, more or less; that these deeds have been duly admitted to record in the office of the clerk of the county court of Kanawha County; that on March 31, 1950, a certificate of the Auditor of West Virginia showing the redemption of a tract of forty seven acres of surface, Steele Land, in Malden District, Kanawha County, forfeited to the State in the name of J. A. Backus and L. M. Backus for the years 1940 to 1949, inclusive, was filed in the office of the clerk of the county court of Kanawha County; and that such certificate was delivered to the defendant and a request made that the land be placed upon the land books for Malden District, Kanawha County, in the name of J. A. Backus and L. M. Backus. The plea alleges, however, that the land was not placed upon the land books in the name of J. A. Backus and L. M. Backus for the reason that no land of any kind

or description similar to that purported to have been conveyed to J. A. Backus and L. M. Backus by Charles Skyles and Ida Skyles, his wife, is assessed in the name of Charles Skyles and Ida Skyles; that there is no land of any kind or description situated in Malden District, assessed in the name of Charles Skyles and Ida Skyles, or either of them, which was delinquent for the nonpayment of taxes, as the plaintiffs allege in their bill of complaint; that the defendant, as Assessor of Kanawha County, is without authority to place upon the land books any tract or parcel of land without some information to authorize such action; that it is the duty of the owner of any land to be assessed to answer inquiries of the defendant pertaining to such land; that the defendant has made diligent inquiries of the plaintiffs and that they have failed and refused to give any information as to any tract of land in Malden District of which the forty seven acre tract is a part; that there is no land designated for assessment purposes as "Steele Land", which in any way answers to the description of the land purported to have been conveyed to the plaintiffs J. A. Backus and L. M. Backus; and that the defendant is unable to make transfer of any land to the name of J. A. Backus and L. M. Backus for the reason that Charles Skyles and Ida Skyles do not purport to be the owners of any land of like or similar description of the land claimed by the plaintiffs.

The special reply of the plaintiffs to the special plea in bar of the defendant alleges that the defendant duly assessed the tract of forty seven acres of land and extended it on the land books in Malden District in the name of J. A. Backus and L. M. Backus for the year 1949 and placed a value upon it of $600.00; that the land book known as the blotter in the office of the assessor for the year 1949 shows such assessment and that it was later stricken from such book; that after placing the land upon the land books the defendant sent to the Auditor a certificate of the assessment as the basis for the redemption of the land from the State by the plaintiffs on March 31,

1950; that upon the foregoing facts it was the duty of the defendant to place the land on the land books and to assess it in the name of J. A. Backus and L. M. Backus; that the plaintiffs J. A. Backus and L. M. Backus fully informed the defendant that, after they had purchased the tract of land in 1939, they had actual, exclusive, continuous, and adverse possession of it since that time and for more than ten years, and that they had built their residence, costing several thousand dollars, upon the land and had farmed and used it without interruption since the year 1939; that they had title to the land by adverse possession; and that they had paid the State of West Virginia all taxes due upon it up to and including the year 1949.

The plaintiffs contend that, as the owners of the forty seven acre tract of land, they are required by law to have it entered upon the land books for taxation and to pay the taxes due upon it; that it is the statutory duty of the defendant, as assessor of Kanawha County, to enter the land upon the land books for Malden District for the year 1952 and to assess taxes upon it for each year subsequent to the year 1949; and that, in refusing so to do, the defendant has failed to perform his duty under the law. If this contention is correct, and a court of equity has jurisdiction to award injunctive relief in this suit, the plaintiffs would be entitled to a mandatory injunction to compel the defendant, as assessor, to enter the land upon the land books for the year 1952 in the name of the life tenants, the plaintiffs J. A. Backus and L. M. Backus, and to assess it for taxation for each year subsequent to the year 1949.

Under Article XIII, Section 6, of the Constitution of this State in its original form and as modified by the Amendment of that article and section ratified in 1934, and under the provisions of Section 2, Article 4, Chapter 160, Acts of the Legislature, 1947, Regular Session, and the provisions of earlier statutes enacted from time to time since the adoption of the Constitution, it is the duty

of the owner of land to have his land entered on the land books of the appropriate county, to have himself charged with the taxes due on such land, and to pay such taxes; and land which for any five successive years shall not have been so entered and charged shall, by operation of law, be forfeited to the State. In *Bailey* v. *McClaugherty,* 48 W. Va. 546, 37 S. E. 701, this Court held, in point 2 of the syllabus that: "It is the duty of the owner of land to have it charged to himself on the land books and to pay the taxes thereon. His failure to comply with this duty renders the land liable to be returned delinquent and sold." When two or more persons claim the same land under adverse titles or color of title, or either of them desires to protect his title from forfeiture, he must cause the land to be entered in his name on the proper land books by the assessor and pay the taxes on it. *Simpson* v. *Edmiston,* 23 W. Va. 675; *State* v. *Low,* 46 W. Va. 451, 33 S. E. 271; *State ex rel. Mahaffey* v. *Batson,* 128 W. Va. 55, 36 S. E. 2d 497. See also *Stockton* v. *Craig,* 56 W. Va. 464, 49 S. E. 386; *State* v. *Harmon,* 57 W. Va. 447, 50 S. E. 828; *Webb* v. *Ritter,* 60 W. Va. 193, 54 S. E. 484; *State* v. *West Branch Lumber Company,* 64 W. Va. 673, 63 S. E. 372.

After paying the taxes due on the tract of forty seven acres for the years 1940 to 1949, inclusive, interest and fees, as determined by the Auditor, and obtaining from him a certificate of redemption of the land described in the deed from Charles Skyles and Ida Skyles, his wife, to the plaintiffs J. A. Backus and L. M. Backus, those plaintiffs, for the purpose of protecting their claim of title to the land and to discharge the duty imposed upon them by law, were clearly within their rights in requesting the defendant to enter the land claimed by them under the Skyles deed upon the land books for Malden District, Kanawha County, for the year 1950 and to assess the land for taxation.

By Sections 1 and 5, Article 3, Chapter 11, Code, 1931, as amended by Chapter 61, Acts of the Legislature, 1933, Regular Session, the defendant, as assessor of Kanawha

County, is required to assess all property subject to assessment in that county at its true and actual value as of the first day of January in each year. In discharging the duty imposed by law upon the assessor of a county to determine the taxability and the valuation of property and to assess it for taxation, such assessor, though exercising judgment as to matters of fact and law, performs a ministerial duty as distinguished from a judicial function. *State ex rel. Hallanan* v. *Rocke,* 91 W. Va. 423, 113 S. E. 647. Though the office of assessor in each county is created by the Constitution, Article IX, Section 1, the Constitution does not prescribe the duties of that office but places the power to do so in the Legislature subject to the provision in Article X, Section 1, of the Constitution that "taxation shall be equal and uniform throughout the State, and all property, both real and personal, shall be taxed in proportion to its value to be ascertained as directed by law." *State ex rel. Hallanan* v. *Rocke,* 91 W. Va. 423, 113 S. E. 647.

In view of the facts and the circumstances disclosed by the pleadings in this suit, it was the duty of the defendant to enter the tract of forty seven acres of land claimed by the plaintiffs upon the land books for Malden District, Kanawha County, and to assess taxes upon it for the year 1950 and subsequent years, as he was requested to do by the plaintiffs J. A. Backus and L. M. Backus. When an assessor fails or refuses to enter on the proper land books and assess for taxation land which should be so entered and assessed, he may be compelled by mandamus to perform his statutory duty so to do. *State ex rel. Mahaffey* v. *Batson,* 128 W. Va. 55, 36 S. E. 2d 497. Because of the admission by the defendant in his special plea in bar that he knew of the existence of the two deeds under which the plaintiffs claim title to the forty seven acre tract of land, and the allegations in the special reply of the plaintiffs that the plaintiffs J. A. Backus and L. M. Backus informed the defendant that since the year 1939 they had been in actual, continuous and adverse possession of the

land, had constructed a residence upon it and had otherwise improved it, and that the defendant had entered the land for taxation upon the land books for Malden District, Kanawha County, for the year 1949 but had subsequently wrongfully removed it from the land books, which allegations upon demurrer to the special reply must be accepted as true, and in view of the admission of the defendant that he refuses to enter the land upon the land books for taxation, his refusal to enter and assess the land for taxation is not justified by his contention that he has been unable to identify it as a part of any lands owned or conveyed by Charles Skyles and Ida Skyles, his wife, or that he has been unable definitely to locate the land anywhere in Malden District by the description contained in the deeds under which the plaintiffs claim, or that he does not consider that the plaintiffs have a valid claim of title. When an assessor fails or refuses to perform the duty imposed upon him by law to enter on the proper land books and assess for taxation land which its owner is required to have entered on such land books for taxation, to be charged with taxes upon it, and to pay such taxes, such assessor may be compelled by mandamus to perform the duty required of him by law. Though an assessor, in the discharge of his duties relating to the entry on the land books and the assessment of land for taxation, ascertains facts and exercises judgment, *State ex rel. Hallanan* v. *Rocke,* 91 W. Va. 423, 113 S. E. 647, he may not exercise such judgment arbitrarily or capriciously. Upon the material facts disclosed by the pleadings, the refusal of the defendant to enter the tract of forty seven acres and to assess it for taxation, when requested so to do by the plaintiffs J. A. Backus and L. M. Backus, was unauthorized and arbitrary in character. When the action of an administrative or executive officer in the exercise of his discretion is arbitrary or capricious his action may be controlled by mandamus. *Beverly Grill, Inc.* v. *Crow,* 133 W. Va. 214, 57 S. E. 2d 244; *State ex rel. Garbutt* v. *Charnock,* 105 W. Va. 8, 141 S. E. 403, 56 A. L. R. 1094; *State ex rel. Hoffman* v. *Town of Clendenin,* 92

W. Va. 618, 115 S. E. 583, 29 A. L. R. 37; *State ex rel. Noyes v. Lane,* 89 W. Va. 744, 110 S. E. 180; *Dillon v. Bare & Carter,* 60 W. Va. 483, 56 S. E. 390.

Though the question of the jurisdiction of a court of equity, by mandatory injunction, to grant the relief sought by the plaintiffs in this suit was not raised by any of the parties in the circuit court or in this Court, the defendant not having appeared or filed any brief upon this appeal, that question, having fairly arisen upon the record, will be considered and determined by this Court upon its own motion. *Blosser v. State Compensation Commissioner,* 112 W. Va. 132, 51 S. E. 2d 71; *Whited v. State Compensation Commissioner,* 131 W. Va. 646, 49 S. E. 2d 838; *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d 530; *Morris v. Gates,* 124 W. Va. 275, 20 S. E. 2d 118; *Dawson v. Dawson,* 123 W. Va. 380, 15 S. E. 2d 156; *Charleston Apartments Corporation v. Appalachian Electric Power Company,* 118 W. Va. 694, 192 S. E. 294; *Arnold v. Mylius,* 87 W. Va. 727, 105 S. E. 920; *Buskirk v. Ragland,* 65 W. Va. 749, 65 S. E. 101; *Thompson v. Adams,* 60 W. Va. 463, 55 S. E. 668; *Gall v. Tygart's Valley Bank,* 50 W. Va. 597, 40 S. E. 390; *Cresap v. Kemble,* 26 W. Va. 603; *Kemble v. Cresap,* 26 W. Va. 603.

As a general rule equity is conversant only with matters involving property and the maintenance of civil rights and will not interfere by injunction with the duties of any department of the government except under special circumstances and when necessary to the protection of property or other rights against irreparable injury. Though a mandatory injunction may be, in some instances, an appropriate remedy to compel affirmative acts by a public officer it will be awarded only when the necessity for such relief is great and the legal remedy is inadequate. 28 Am. Jur., Injunctions, Section 162. "Relief by mandatory injunction will be given only where the right of the applicant is clear and the necessity urgent." *Lamp v. Locke,* 89 W. Va. 138, 108 S. E. 889. Under the well established general principle of equity jurisprudence that when an adequate remedy exists at law courts of

equity will not exercise jurisdiction, the weight of authority is that if there is an adequate remedy by mandamus a suit for injunctive relief may not be maintained. See Annotations, 93 A. L. R. 1495 and cases there cited. Where the distinction between law and equity is recognized and observed, as it is in this jurisdiction, a person who has an adequate remedy at law by mandamus to compel the performance of a present duty by a public officer may not seek relief by mandatory injunction in a suit in equity. *Lyle* v. *City of Chicago,* 357 Ill. 41, 191 N. E. 255, 93 A. L. R. 1492. In the opinion in the *Lyle* case the Supreme Court of Illinois uses this language: "The mandatory injunction is recognized as an extraordinary remedial process, which is granted, not as a matter of right, but in the exercise of a sound judicial discretion. *Morrison* v. *Work,* 266 U. S. 481, 45 S. Ct. 149, 69 L. Ed. 394. It is most frequently found in cases of nuisance, trespass, and the protection of easements. *Hunt* v. *Sain,* supra; *Baumgartner* v. *Bradt,* supra; *Dorman* v. *Droll,* supra; *Burrall* v. *American Telephone & Telegraph Co.,* supra; *Spalding* v. *Macomb & Western Illinois Railway Co.,* supra. It is a writ not regarded with judicial favor, and is used only with caution in cases of great necessity. 14 R. C. L. 317, and cases there cited. It will never be granted if there is an adequate remedy at law. *Potts* v. *Hollon,* 177 U. S. 369, 20 S. Ct. 654, 44 L. Ed. 808." When the remedy at law is plain, complete, and adequate a court of equity is without jurisdiction to grant injunctive relief. *W. M. Ritter Lumber Company* v. *Lowe,* 75 W. Va. 714, 84 S. E. 566, L. R. A. 1916E, 718; *Shepherd* v. *Groff,* 34 W. Va. 123, 11 S. E. 997; *Wiles* v. *Wiles,* 134 W. Va. 81, 58 S. E. 2d 601; *Modern Show Case and Fixture Company* v. *Todd,* 103 W. Va. 490, 138 S. E. 116; *Brinegar* v. *Bank of Wyoming,* 100 W. Va. 64, 130 S. E. 151; *Moore* v. *Hamilton,* 93 W. Va. 529, 117 S. E. 299; *Charleston Hardware Company* v. *Warner Elevator Manufacturing Company,* 79 W. Va. 216, 90 S. E. 674, L. R. A. 1917C, 75; *Burkhart* v. *Scott,* 69 W. Va. 694, 72 S. E. 784; *Connell* v. *Yost,* 62 W. Va. 66, 57 S. E. 299; *Gall* v. *Tygart's Valley Bank,* 50 W. Va. 597,

40 S. E. 390; *Shay* v. *Nolan*, 46 W. Va. 299, 33 S. E. 225; *Lance* v. *McCoy*, 34 W. Va. 416, 12 S. E. 728; *Evans* v. *Taylor*, 28 W. Va. 184; *Rollins* v. *Hess*, 27 W. Va. 570; *Miller* v. *Miller*, 25 W. Va. 495. "Upon the principle that equity will not grant an injunction, where there is a remedy at law which is full, adequate, and complete, it is fairly well settled that where there is an adequate remedy by mandamus a suit for injunction cannot be successfully maintained. According to the weight of authority, this rule applies where injunctive relief of a mandatory character is sought, as well as where the relief sought is merely preventive." 28 Am. Jur., Injunctions, Section 43. See also *Kane* v. *Walsh*, 295 N. Y. 198, 66 N. E. 2d 53, 163 A. L. R. 1351. The rule that a mandatory injunction will not be granted where mandamus furnishes an adequate remedy applies to a suit in equity to compel a public officer to perform an official ministerial act which the law requires him to perform. 43 C. J. S., Injunctions, Section 25c (4). When an officer appointed by law for the assessment of property for taxation acts without authority, or refuses to act when he has authority and it is his duty to act, the remedy is not in a court of equity, but is by mandamus. *Bistor* v. *Board of Assessors of Cook County*, 346 Ill. 362, 179 N. E. 120, 78 A. L. R. 686.

The facts disclosed by the pleadings in this suit do not establish any urgent necessity for the injunctive relief sought by the plaintiffs or that such relief is necessary to prevent irreparable injury to the property which they claim; and the absence of either of these requisites deprives them of any right to relief by a mandatory injunction. They can not maintain this suit in equity for the additional reason that the facts disclosed by the pleadings, as already pointed out, clearly indicate that mandamus affords a full, complete, and adequate remedy by which they may obtain the same relief sought by them in this suit. When the same relief sought by mandatory injunction in a suit in equity may be fully had in a proceeding in mandamus, a court of equity is without jurisdiction to entertain such suit for injunctive relief.

The action of the circuit court was correct in so far as it dismissed this suit at the cost of the plaintiffs but the final decree should have dismissed it without prejudice to the plaintiffs to proceed at law for the relief which they seek. For this reason the final decree is reversed and this cause is remanded to the circuit court with directions that it enter a decree of dismissal without prejudice as indicated.

*Reversed and remanded*
*with directions.*