# CHARLESTON.

## T. A. LAMBERT et als. v. HUFF, ANDREWS & THOMAS CO.

### Submitted April 23, 1918.   Decided April 30, 1918.

1. EXECUTION—*Lien—Sale.*

   Though an execution creates a lien upon shares of the capital stock of a corporation, owned by the debtor, such shares cannot be seized and sold under an execution, by the officer holding it, because they are intangible property in the nature of choses in action and incapable of manual seizure, possession or delivery. (p. 363).

2. SAME—*Shares of Capital Stock of Corporation—Statute.*

   For the same reason, they are not such estate or effects of the execution debtor in the hands of the corporation to which they pertain, as can be delivered by it to an officer, or ordered to be delivered to him, in a proceeding founded upon a suggestion, authorized by secs. 10, 11, 12 and 13 of ch. 141 of the Code. (p. 364).

3. SAME—*Sale—Shares of Capital Stock.*

   The court from which a summons issues in such a proceeding cannot, upon the answer of the corporation, showing title to the shares in the execution debtor, order a sale thereof. (p. 364).

4. CORPORATIONS—*Prior Lien—Bill in Equity—Quia Timet.*

   A pledgee of such shares so ordered to be sold, having a lien or other right in respect thereof superior to the lien of the execution, may protect and enforce such lien or right by a bill in equity *quia timet* and enjoin the sale thereof pending the suit. (p. 366).

5. EQUITY—*Capacity of Party—Process Variance.*

   The variance between a bill in equity charging the defendant in a representative capacity and the process commanding him to be summoned in his individual capacity, is immaterial. (p. 366).

Appeal from Circuit Court, McDowell County.

Suit for injunction by T. A. Lambert and another against the Huff, Andrews & Thomas Company and others. From an

order overruling a motion to dissolve an injunction, defendants appeal.

*Affirmed.*

*Anderson, Strother, Hughes & Curd,* for appellants.

*Litz & Harman,* for appellees.

POFFENBARGER, PRESIDENT:

This appeal is from an order overruling a motion to dissolve an injunction restraining a sale of shares of the capital stock of a corporation, the Rocky Branch Pocahontas Coal Co., by a special commissioner, under an order of a court of law, made in favor of an execution creditor, Huff, Andrews and Thomas Co., upon a suggestion that the corporation had in its possession, or under its control, property or estate of the execution debtor, Stephen Kennedy.

The bill upon which the injunction was awarded alleges that the plaintiffs, Lambert and Kamper, are accommodation endorsers for the execution debtor, upon a note held by a certain bank, and hold by assignment, the certificate of the corporation, evidencing title to the shares, for their security and indemnity as such endorsers.

The demurrer to the bill and the motion to dissolve are predicated upon the theory of adequacy of legal remedy in the plaintiffs and lack of jurisdiction by injunction. Owing to the character of the property involved and the nature of the proceeding, an order of sale of intangible property, analogous to a chose in action, *Doheny* v. *Atlantic Dynamite Co.,* 41 W. Va. 1; *Rollins* v. *Hess,* 27 W. Va. 570, and *Zanhizer* v. *Hefner,* 47 W. Va. 418, the authorities relied upon in support of the defensive procedure, are not applicable. In each of those cases, the property involved was tangible personal property in the hands of an officer, susceptible of sale by him under an execution, without a court order of sale, and about to be so sold. Here the threatened sale is not to be made under an execution at all, but, on the contrary, under a court order made in a proceeding to which the plaintiffs were not parties, and likely without their knowledge or an

opportunity to assert their claim. Neither the common law nor any statute affords them an adequate remedy. Secs. 5 & 6 of ch. 107 of the Code do not do so. Both contemplate and provide for conflicting claims to property susceptible of seizure and sale under an execution or a distress warrant, and initiation of the procedure by, (1), the officer, (2), a claimant who has given a suspending bond and, (3), the party issuing the process. The plaintiffs are not within any of these designations.

The execution creditor has proceeded under secs. 10 to 17 of ch. 141 of the Code, making certain provisions for enforcement of execution liens, but these provisions do not seem to authorize the order of sale made. They contemplate enforcement of the liability of a third person to the debtor for the benefit of the creditor, a liability to the judgment creditor by virtue of the lien of his *fieri facias*, sec. 10 says, and the subjects of such liens are described in subsequent sections, as "debts," "estate," "value of such estate" and "effects of the execution debtor." A corporation is clearly not a debtor of its stockholder in respect of his shares of stock or their value, nor are such shares effects or estate of the stockholder in its hands, within the meaning of the statute. A share of the capital stock of a corporation is an entity, though intangible and ancapable of manual possession and delivery. Both the title and possession thereof, in so far as it is susceptible of possession, are in the stockholder. His share is an interest in the corporation itself, not something held by the corporation for him. It is estate, of course, but it is manifestly not estate of the debtor in the hands of the corporation. The corporate property in which the share, for some purposes, represents an equitable interest, legally belongs to the corporation. It may be an item of the "effects" of the debtor, but, if so, it is not such an item in the hands of the corporation. The suggestion or trustee process statute contemplates debts that may be paid or money or other property of which manual delivery can be made. Moreover, the suggestee must owe the debt or have the property in his possession. Corporation shares are not property of the kind described, nor does the corporation have possession thereof. It

is suggested here, but not decided, that the debt or property obtainable by suggestion must be the absolute property of the debtor, for the statute makes no provision for trial of conflicting claims of title or liens.

Though the statute clearly does not authorize a sale of property of the kind involved, upon a mere answer of the corporation, proving title thereto in the debtor, it contains a provision for enforcement of the execution lien thereon, in another way. Section 15 of the chapter empowers the officer holding the execution to sue in his own name for enforcement of the lien, and makes it his duty to do so, if indemnified by the creditor, and permit the creditor to sue for such purpose in the officer's name, if he prefers such procedure. The statutory authority so conferred includes both actions at law and suits in equity. If there is a question of title or right of possession, as to tangible personal property to be determined, the suggestee refusing to deliver the property because he claims it as his own or as a pledgee, lienor or trustee, detinue would be the proper remedy. It might be invoked for recovery of specific coins or bills or other identifiable property. If the property is incapable of manual delivery, possession and sale under execution, a suit in equity for enforcement of the lien is the proper remedy. If the right of possession is in the suggestee by reason of a pledge, mortgage or common law lien, the remedy would be in equity, since a mere equity of redemption cannot be sold under an execution, but is enforcible by a suit in equity. A close scrutiny of the provisions of secs. 11, 12 and 13 fails to disclose any expression of legislative intent to empower a court to determine upon an answer to a summons upon a suggestion, conflicting claims to funds or property. Sec. 11 provides for an order to pay or deliver, not a judgment for the money or property. Sec. 12 provides for a jury inquest as to whether a full disclosure has been made. Sec. 13 authorizes a judgment, on failure to answer within twenty days after service, not for the money or property, but "for the amount suggested." Nowhere is there a provision for a judgment for the possession of goods and chattels on which a writ for their seizure could issue, nor for an order of sale of property delivered up

by the suggestee. If the order to deliver, authorized by sec. 11, can be and is obeyed, the property comes into the hands of the officer for sale under the execution. If not, he may sue for it, under the authority conferred by sec. 15, and sell it, if and when obtained. If this is the true interpretation of these provisions, no court order of sale of tangible personal property disclosed upon a suggestion, is necessary, and absence of a provision therefor strongly argues the correctness of the interpretation, but, as the case made by the bill does not call for a decision as to the procedure in cases involving efforts to enforce the execution lien upon tangible property in the hands of a third person, this interpretation of the statute is merely suggested, since it bears a close relation to the ground of our conclusion, and not given as matter of decision . It suffices here to say there can be no order of sale of shares of corporate stock, upon the answer of the corporation admitting ownership thereof by the debtor, because they cannot be reduced to possession by the officer, nor brought within the jurisdiction of the court by a summons upon a suggestion. Cook, Cor. sec. 491.

Nor are we to be understood as reviewing the order of sale. Of course, it is not binding upon the plaintiffs, for they were not parties to it. If they have invoked the proper remedy and have superior right, they may avoid its effect not only because they are not bound by it, but also because the statute did not authorize it. The creditors should have proceeded in equity for enforcement of their execution lien. Their unauthorized procedure by an order of sale has cast a cloud upon the right of the plaintiffs, if they are pledgees of the shares, and thus raised an issue properly cognizable in equity, conflict of claims to liens on the shares which neither constitute a debt collectible by execution nor property convertible into money by an execution sale. Although it may be lacking in formality, the bill contains sufficient matter to bring it within the definition of a bill *quia timet*, and, under its prayer for general relief, the rights of the plaintiffs, respecting the shares, may be ascertained and adjudicated, and the threatened mischief thereto, if any, prevented.

Departure of the bill in its allegations from the summons,

the former going against T. H. S. Curd as special commis-sioner and the latter against him in his individual capacity, is not a fatal defect. In equity it is ignored as being im-material. *Evans* v. *Evans*, 23 N. J. Eq. 72; *Walton* v. *Herbe,* 4 N. J. Eq. 73. At law, it would be curable by an amend-ment. Code, ch. 125. sec. 15.

Upon these principles and conclusions, the decree com-plained of will be affirmed.

*Affirmed.*