# CHARLESTON.

LOUIS STIX & CO. *et al* v. J. F. YORK *et al*

Submitted September 3, 1919.   Decided September 9, 1919.

> EXECUTION—*Suit in Equity Sole Remedy Against Property Incapable of Seizure.*
>
> The remedy given by section 15 of chapter 141 of the Code, to enforce the lien of an execution upon property owned by the judgment debtor not capable of manual seizure, possession and delivery, and sale by the officer under the execution, that is by suit in equity by or in the name of the officer, is exclusive of all other remedies. A judgment creditor cannot in his own name maintain such suit.

Case Certified from Circuit Court, Wayne County.

Bill by Louis Stix & Co. and others against J. F. York and others. Demurrer to amended bill overruled, and correctness of the ruling certified.

*Reversed and remanded.*

*Williams, Scott & Lovett,* for defendants.

Miller, President:

We pass the questions presented by the demurrer, sustained, to the original bill. The plaintiffs have by their amended bill waived any questions arising thereon, and rely solely on the amended bill.

The court below overruled defendant's demurrer to the amended bill, and the correctness of that ruling has been certified to us, pursuant to the statute.

Plaintiffs allege recovery by them of certain judgments against the defendant J. F. York, and the docketing thereof in the clerk's office of the county court in the judgment lien docket, and the suing out of executions thereon, the placing of the same in the hands of the proper officer, and the return thereof by him indorsed "No property found."

They furthermore allege that the judgment debtor owns a large amount of the stock of the defendant York Realty Company, a corporation, and that their said judgments, which have not been paid, constitute valid liens on all of the property of the said York. It was probably intended to allege that by virtue of their said executions plaintiffs had a valid lien on the shares of stock of said York in the York Realty Company, but this fact is not otherwise distinctly alleged, except by the allegation that said judgments constitute liens on all of the judgment debtor's property located in Wayne County, where they were so recovered and docketed.

The proposition of law relied on to reverse the decree of the circuit court is that a suit to enforce the lien of an execution can be brought and maintained only by or in the name of the officer in whose hands the execution was placed, and that this remedy given by section 15 of chapter 141 of the Code is the exclusive remedy in such cases. If this proposition be correct, the demurrer to the amended bill should also have been sustained.

Stock in a corporation being by statute personal estate, a personal judgment against the stockholder constitutes no lien thereon, and without some ground of equitable jurisdiction other than the supposed lien, equity has no jurisdiction to enforce payment thereof out of such personal

estate. But by execution a lien may be created on personal estate,, such as stock in a corporation, not susceptible of being reduced to possession by the officer and sold and disposed of by him, under chapter 140 of the Code, which may be enforced by the specific remedy provided by section 15 of said chapter 141. Manifestly the view of the circuit court was that a judgment creditor independently of the officer may maintain the suit and enforce the lien of his execution.

We are cited to no case in which this exact point has ever been adjudicated. But we are disposed to hold that the remedy prescribed by the statute is exclusive of all others and must be pursued. The statute gives the lien and prescribes the remedy. The only case cited and relied on by counsel for demurrants is *Lambert* v. *Huff, Andrews & Thomas Co.,* 82 W. Va. 362, 95 S. E. 1031. The extent to which that case goes in point of decision is that though an execution creates a lien upon shares of the capital stock of a corporation owned by a debtor, being intangible property and of the nature of choses in action and not capable of manual seizure, possession and delivery, they cannot be seized and sold under an execution by the officer. Wherefore the necessity of resorting to the remedy of a suit by or in the name of the officer, as prescribed by the statute. This statute empowers the officer holding the execution to sue in his own name for enforcement of the lien, and makes it his duty to do so if indemnified, and permits the creditor to sue in the name of the officer at his own costs and expense. At common law stock in a corporation by reason of its character as property was not subject to execution or attachment. *Lipscomb's Adm'r* v. *Condon,* 56 W. Va. 416. But as the cases all hold, that statute has changed this, both as to executions and attachments. It is not subject to attachment or execution but in the manner and by the remedies prescribed.

The right of a shareholder in a corporation is not to any specific property, but to such a proportion of it all which the owner has in the management of the corporation, in the surplus profits, and upon dissolution in all the assets remaining after paying the debts, an equitable right. In *Swann, Adm'r.* v. *Summers,* 19 W. Va. 115, it was decided

that the remedy to enforce a purely equitable liability is provided in said section 15 of chapter 141, by suit in equity in the name of the sheriff or of such other officer as the court may designate.

Our conclusion is that the demurrer to the amended bill should have been sustained, and that the decree below must be reversed and the cause remanded.

*Reversed and remanded.*