UNION BANK & TRUST COMPANY *et al. v.* HUTCHINSON LUMBER COMPANY *et al.*

(No. 6957)

Submitted November 4, 1931.   Decided December 8, 1931.

*George S. Wallace,* for Union Bank & Trust Co.

*Rolla D. Campbell* and *Blue, Dayton & Campbell,* for appellants John Laing and C. W. Campbell.

*B. C. Tynes, Fitzpatrick, Brown & Davis* and *John E. Wood,* for appellees.

Litz, President :

This suit was instituted October 18, 1927, by Union Bank & Trust Company, as a stockholder and creditor of Hutchinson Lumber Company, a West Virginia corporation, against the Hutchinson Lumber Company, its other creditors and stockholders, to dissolve the corporation and administer its assets.

Soon after its organization in 1921, the Hutchinson Lumber Company acquired valuable timber and timber rights in the state of California. It later organized a corporation in that state, called Hutchinson Lumber Company of California, to which it transferred its California properties in consideration of the capital stock issued by the subsidiary.

In 1926, suit was instituted against the California company to foreclose a mortgage executed by it to secure a bonded indebtedness. Pursuant to an agreement of February 3, 1927, between its stockholders and creditors, the Feather River Pine Mills, Inc., a Nevada corporation, was organized to purchase the assets of the California company, and 24,000 of the 40,000 shares of common stock issued by the new corporation were transferred to defendant, Hutchinson Lumber Company, May 2, 1927, in consideration of its interest in the California company.

Plaintiff, Union Bank & Trust Company, recovered judgment in the circuit court of Cabell county against defendant, Hutchinson Lumber Company, May 4, 1926, on which execution was issued and docketed in the execution lien docket of said county November 3, 1926; First Huntington National Bank recovered judgment in said court against Hutchinson Lumber Company and R. L. Hutchinson and John Laing as accommodation indorsers for it, November 29, 1926, on which execution was issued December 26th and docketed in said execution lien docket December 30th, following; C. W. Campbell recovered judgment before a justice of the peace of said county against defendant, Hutchinson Lumber Company, October 14, 1927, on which execution was issued the same day and docketed in said execution lien docket the 24th of the same month. John Laing having paid the judgment in favor of First Huntington National Bank, is subrogated to its rights.

The main question for determination is whether the executions mentioned are liens upon the stock owned by the defendant, Hutchinson Lumber Company, in Feather River Pine Mills, Inc., under section 2, chapter 141, Code 1923, (38-4-8, Code 1931), providing that "every writ of *fieri facias* shall, in addition to the effect which it has under chapter 140 of this code, be a lien, from the time it is delivered to the sheriff or other officer to be executed, upon all the personal estate of which the judgment debtor is possessed, or to which he is entitled, and upon all which he may acquire on or before the return day thereof, although not levied on nor capable of being levied on under that chapter."

Union Bank & Trust Company, John Laing and C. W. Campbell have appealed from a decree of the circuit court, denying to each of them a lien on the Feather River Pine Mills, Inc., stock by virtue of said executions.

The decree complained of is founded upon the theory that the lien of an execution under the West Virginia statute does not extend to stock owned by the execution debtor in a foreign corporation. In support of this holding, appellees rely upon the rule, sustained, as they affirm, by the weight of text-book

and judicial opinion, that a statute, authorizing corporate stock to be levied upon and sold under execution, does not comprehend stock in a foreign corporation, even where the certificates evidencing title in the execution debtor may be seized by the levying officer, unless the statute (as chapter 38, article 4, section 1, Code 1931, permits) authorizes the certificate to be levied upon and sold under the execution. Appellants question the validity of this contention, and insist that a statute authorizing corporate stock to be levied upon and sold under execution contemplates stock in a foreign corporation if the certificate thereof is within the jurisdiction of the levying officer. The reason for the rule, advanced by appellees, may be thus explained: As the procedure under a statute merely authorizing corporate stock to be levied upon and sold under an execution is neither *in rem* nor *in personam*, the title of a purchaser at such sale of stock owned by the execution debtor in a foreign corporation would not be protected under the full faith and credit clause of the Federal Constitution. It will not, therefore, be presumed that the legislature intended thereby to authorize a procedure for the sale of property belonging to an execution debtor which is ineffectual to pass valid title to the purchaser.

This discussion, however, is far afield the issue. The statute applicable does not authorize the sale of corporate stock under an execution, but merely imposes a lien, enforceable only by a suit in equity to which the execution debtor is a necessary party. *Lambert* v. *Huff, Andrews & Thomas Co.,* 82 W. Va. 362; *Louis Stix & Company* v. *York,* 84 W. Va. 446. In the former case it is said: "A share of the capital stock of a corporation is an entity, though intangible and incapable of manual possession and delivery. Both the title and possession thereof, in so far as it is susceptible of possession, are in the stockholder." Title and possession of stock in a foreign corporation is as much in the possession of the stockholder and as susceptible to the lien of an execution against him as stock he may own in a domestic corporation. In either case, the title of the purchaser at a judicial sale in the chancery cause (where, as in this case, the execution debtor

334

is required to assign the stock for the purpose of the sale) is entitled to protection under the full faith and credit clause.

It is contended that the executions in favor of the Union Bank & Trust Company and First Huntington National Bank are not liens on the stock of the defendant, Hutchinson Lumber Company, in the Feather River Pine Mills, Inc., for the additional reason that the stock was acquired by the execution debtor after the return day of each of these executions. This point is also deemed to be without merit, as the stock in the Nevada corporation was issued to the defendant, Hutchinson Lumber Company, virtually in exchange for the stock it owned in the California company.

We are, therefore, of opinion that the executions in question are liens upon the stock owned by the defendant, Hutchinson Lumber Company, in the Nevada corporation. The decree, complained of, is, therefore, reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed; remanded.*